THE LANYON ZINC COMPANY v. REUBEN R. FREEMAN
*et al.*

No. 13,515.   (75 Pac. 995.)

SYLLABUS BY THE COURT.

1. MINES AND MINING —*Petroleum and Gas are Minerals.* Petroleum and gas are minerals. As long as they remain in the ground they are part of the realty. They belong to the owner of the land, and are a part of it as long as they are on it, or in it, or subject to his control.

2. EXECUTORS—*Not Authorized by Will to Make Oil and Gas Lease.* A resident of Ohio owning a Kansas farm that had never been used for other than agricultural purposes executed a will, providing that the executor and trustee should take charge of the premises and "lease and maintain the same in repair and good condition, with a view to obtaining the best income therefrom, without permitting the same to deteriorate in value or quality." *Held,* that the executor and trustee was not authorized by the will to execute an oil and gas lease, granting to the lessee all the oil and gas under said premises and binding the legatees thereby.

4. PARTITION—*Executor and Trustee Estopped.* An executor and trustee, without having sufficient authority under the will to bind the legatees thereby, executed an oil and gas lease on a farm that had never been used for other than agricultural purposes. Prior to the execution of the lease he had individually acquired the interest of one of the legatees in the premises. Soon thereafter he acquired the interest of another of the legatees. *Held,* that, in an action of partition, under the circumstances of this case, he is estopped from denying that the interest acquired by him was not subject to the lease.

Error from Allen district court; L. STILLWELL, judge. Opinion filed March 12, 1904. Modified.

*Campbell & Goshorn, C. E. Benton,* and *J. B. F. Cates,* for plaintiff in error.

*Oscar Foust & Son,* and *Baxter D. McClain,* for defendants in error.

The opinion of the court was delivered by

ATKINSON, J.: In 1895 Wilson A. Koontz, a resident of the state of Ohio, died solvent and testate. Letters testamentary were issued to Reuben R. Freeman, as sole executor and trustee of the estate of deceased. The widow, Louisa C. Koontz, a son, Philip D. Koontz, and eight grandchildren, Iosa W. King, Enola G. King, Texas B. Koontz, Carla S. Koontz, Ernest S. Koontz, Mabel C. Koontz, and Helyne L. Koontz, were named as legatees, the six last named being minors at the time of the commencement of this action. Among other real estate owned by the testator at the time of his death was the southwest quarter of section 8, township 25, range 19 east, in Allen county, Kansas. The will devised the premises above described to the grandchildren, with the condition that in the event the testator should die before the period of eighteen years from the date of the will (July 10, 1895), the executor and trustee should take charge of the land and "lease and maintain the same in repair and good condition, with a view to obtaining the best income therefrom, without permitting the same to deteriorate in value or quality," until such period of eighteen years shall have elapsed.

The widow, Louisa C. Koontz, not having consented in writing to the will, elected to take under the law of descents and distributions. On March 15, 1898, Iosa W. King and her husband conveyed to Reuben R. Freeman all their interest in said premises. On December 30, 1899, Reuben R. Freeman, as executor and trustee, and Louisa C. Koontz, in consideration of the sum of $802.41, jointly executed to the Lanyon Zinc Company a lease, granting unto the company all the oil and gas under said premises, together with

the right to enter upon the land for the purpose of drilling and operating for oil and gas, and the right to erect and maintain thereon, and to remove therefrom, buildings, structures, pipes, pipe-lines and machinery necessary for the production and transportation of oil and gas, with the right to the lessors to use the premises for farming purposes. The lessee was to be liable for all damage to timber and growing crops by reason of operating under its lease for oil and gas. The lease also provided that if no well was drilled on the premises within ten years, or if the lessee reconveyed the premises, then, and in either such event, the lease should become and be null and void. On February 7, 1900, Enola G. King and husband conveyed to Reuben R. Freeman all their interest in the farm. On July 31, 1901, E. K. Taylor acquired by deed the interest of Louisa C. Koontz.

On December 13, 1901, E. K. Taylor filed in the district court of Allen county his petition, asking for a partition of the premises, and claiming to be the owner of an undivided one-half interest therein. In his petition the plaintiff averred that Reuben R. Freeman was the owner of an undivided two-sixteenths interest, and that each of said minors was the owner of an undivided one-sixteenth interest in the premises. The petition further averred that the Lanyon Zinc Company, a corporation, claimed some interest in the land, and asked that it be required to set up its interest therein. All parties were brought into court as defendants, the minors appearing by guardian *ad litem.* Upon the trial, the Lanyon Zinc Company, answering, admitted the averments of plaintiff's petition as to the interest of plaintiff and defendants in the premises, averring and contending, however, that the interest

of each was subject to the claim of the company under its oil and gas lease.

The plaintiff, by reply, and the defendants, Reuben R. Freeman, individually and as executor and trustee, and the minors through their guardian *ad litem*, by answer, each denied any right or interest of the Lanyon Zinc Company in the premises by virtue of the lease, and averred that the same was void and without force or effect.

The court found the plaintiff, Taylor, to be the owner of an undivided one-half interest in the premises, subject to the rights of the Lanyon Zinc Company under its oil and gas lease. The court further found that Reuben R. Freeman was the owner of an undivided two-sixteenths interest; that as to the interest of Reuben R. Freeman and the interest of said minors, the lease of the Lanyon Zinc Company was void and without force or effect; and that plaintiff and the defendants then owning an interest in the premises were tenants in common. Judgment of partition was entered by the court, setting off and allotting the east half of the premises to plaintiff, decreeing the lease of the Lanyon Zinc Company in full force and effect upon and against the same.

It being found by the commissioners that partition of the west half of the land described could not be made among the owners according to their respective interests, it was ordered by the court to be sold, if, within twenty days, the parties in interest failed to file their election to take the same at its appraised value. By the judgment and decree of the court, the lease of the Lanyon Zinc Company was held to be without force or effect as to the west half of the premises described, and as to that part the lease was canceled and held for naught. The decree provided,

however, that nothing therein should affect the right, if any, of the Lanyon Zinc Company to maintain an action to recover the money it had paid out in obtaining its lease as to the lands upon which the lease had been held invalid.  To the judgment and decree of the court decreeing the lease invalid and canceling the same, as to the west half of said premises or any part thereof, the Lanyon Zinc Company excepted, and now brings the case here for review.

Whether this oil and gas lease to the Lanyon Zinc Company was valid as against the interest of the legatees in the premises must be determined by the extent of the authority given Reuben R. Freeman as executor and trustee under the will.  The will provided that he should "lease and maintain the same in repair and good condition, with a view to obtaining the best income therefrom without permitting the same to deteriorate in value or quality."  This language of the will can best be interpreted and the intention of the testator best understood in the light of the facts and surroundings at the time it was made.  The admitted facts and the evidence disclose that the testator was a resident of Ohio.  The land was farming land and was used for that purpose only.  The surrounding lands were agricultural, and were used for such purposes only.  Natural gas had but recently been found in the neighborhood, and was being used in the city of Iola, not far distant.  It can scarcely be said that oil had been found in the neighborhood at that time.  No gas- or oil-wells had been sunk upon these premises.  None have since been sunk thereon.  The oil and natural-gas industry in that vicinity was then, in fact, new and in its infancy.  Did the testator contemplate the making of a lease to include the mineral below the surface, or did he con-

template the leasing of the surface of the land only? It is quite unlikely that he had in mind or intended otherwise than to lease the surface of the premises for agricultural purposes.

Again, the lease to the Lanyon Zinc Company, in controversy, did not contemplate the usual tilling or cultivation of soil and the growing of crops thereon. It granted to the Lanyon Zinc Company all the oil and gas under the premises, together with the right to enter thereon for the purpose of drilling and operating for oil and gas, and the right to erect and maintain thereon, and to remove therefrom, buildings, structures, pipes, pipe-lines and machinery necessary for the production and transportion of oil and gas. Whatever may be the origin of petroleum and natural gas, and the question appears as yet to be a matter of controversy, it is well settled that they are minerals. (Donahue on Petroleum and Gas, §§ 7, 8 ; Thornton on Oil and Gas, §§ 18, 19.) Petroleum and gas, as long as they remain in the ground, are a part of the realty. They belong to the owner of the land, and are a part of it as long as they are on it, or in it, or subject to his control. When they escape and go into other lands, or come under another's control, the title of the former owner is gone. (*Brown v. Spilman*, 155 U. S. 665, 15 Sup. Ct. 245, 39 L. Ed. 304 ; *Ohio Oil Company v. Indiana* [No. 1], 177 id. 190, 20 Sup. Ct. 576, 44 L. Ed. 729 ; *Murray v. Allred*, 100 Tenn. 100, 39 L. R. A. 249, 43 S. W. 355, 66 Am. St. Rep. 740 ; *Kelley v. The Ohio Oil Co.*, 57 Ohio St. 317, 39 L. R. A. 765, 49 N. E. 399, 63 Am. St. Rep. 721.)

In the case of *Wilson et al. v. Youst et al.*, 43 W. Va. 826, 28 S. E. 781, 39 L. R. A. 292, the court held that an oil lease, investing the lessee with the right to remove all the oil from the premises, in considera-

tion of his giving the lessors a certain per cent. thereof, is, in legal effect, a sale of a portion of the land. In the case of *Appeal of Stoughton et al.*, 88 Pa. St. 198, it was said:

"A guardian has ordinarily power to lease any of his ward's property of such character as makes it the subject of a lease, but without the approval of the orphan's court he cannot dispose of any part of the realty. Oil is a mineral, and being a mineral, is a part of the realty, and a guardian cannot lease the land of his ward for the purpose of its development, as it would, in effect, be the grant of a part of the *corpus* of the estate of his ward."

In the case of *Marshall, Appellant, v. Mellon et al.*, 179 Pa. St. 371, 35 L. R. A. 816, 36 Atl. 201, 57 Am. St. Rep. 601, it was held that a tenant for life has no right to operate for oil or gas, or to make an oil or gas lease, unless operations for oil or gas were commenced before the life-estate accrued. To the same effect is the case of *Williamson v. Jones*, 43 W. Va. 562, 27 S. E. 411, 38 L. R. A. 694, 64 Am. St. Rep. 891, and the case of *Hook v. Garfield Coal Co.*, 112 Iowa, 210, 83 N. W. 963.

We do not believe, from the language used in the will and the circumstances and surroundings at the time it was made, that it was the intention of the testator to authorize the executor and trustee to execute the oil and gas lease in controversy to the Lanyon Zinc Company; nor did the will authorize Freeman, as executor and trustee, to execute the lease in controversy, and thereby bind the interest of the legatees.

A more serious question arises upon the holding of the trial court that the interest of Reuben R. Freeman in the premises was not subject to the lease of the Lanyon Zinc Company. At the time Reuben R. Freeman, as executor and trustee, joined in the execution

of the lease, he had individually acquired the interest of Iosa W. King. Soon thereafter he acquired the interest of Enola G. King. The lease, by its terms, included and covered the entire quarter-section. The lessee dealt on the basis of acquiring a lease to the entire premises. The lessors dealt on the same basis, and received and retained the consideration therefor. Freeman, at the time the lease was executed, had full knowledge of the provisions of the will. There is nothing in the record to show that the lessee had either actual or constructive notice of the provisions of the will, or the want of authority of the executor and trustee to execute a valid oil and gas lease upon the premises. Freeman is estopped from denying that his interest in the premises is subject to the lease of the Lanyon Zinc Company. (*Lumber Co. v. Tomlinson*, 54 Kan. 770, 39 Pac. 694.)

The judgment of the court below is affirmed, except as to the two-sixteenths interest in the premises owned by the defendant Reuben R. Freeman. As to his interest the judgment will be modified. The court below will enter judgment making the two-sixteenths interest owned by the defendant Freeman subject to the lease of the Lanyon Zinc Company.

All the Justices concurring.