HENRY WESTERMAN, *Appellee*, v. KIZER CORDER *et ux.*, *Appellants*.

No. 17,351.

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*False Representations Innocently Made—Equitable Estoppel.* Where false representations are made by a vendor in the sale of property, the application of the doctrine of equitable estoppel does not necessarily depend upon the knowledge of the vendor of the falsity of the representations, but may rest upon the principle that one who by representing that a certain state of facts exists has misled another is precluded from denying the truth of such representations and from setting up a claim inconsistent with the facts as represented, where such claim would result in loss to the other and operate as a fraud upon him.

2. —— *When Purchaser May Rely on Vendor's Representations.* When a false representation is of a matter presumably within the knowledge of the person making it, not made in the way of commendation or as an opinion merely, but as a positive assertion of an existing fact to induce the other party to enter into the contract, such party having no knowledge to the contrary, may if he act in good faith accept the representation as true, and is not bound to make inquiries or examination for himself.

Appeal from Thomas district court. Opinion filed January 6, 1912. Affirmed.

*E. H. Benson*, for the appellants.

*Mahin & Mahin*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The defendants, Kizer Corder and wife, appeal from a judgment quieting the title to a tract of land in the plaintiff, Henry Westerman.

The appellants claim title to an undivided one-half of the tract under a quitclaim deed from The Kansas Town and Land Company. The appellee is in possession under a deed from the appellants, purporting to convey the land, made and delivered before the conveyance from the land company was executed, and contend that the appellants are estopped from asserting their after-acquired title, because of their previous conveyance to the appellee, and because of the representations of appellant Kizer Corder that he was the owner of the land.

The district court found that the conveyance by the appellants to the appellee was by quitclaim deed, and that it did not estop the grantors therein. The appellee contends that while the word quitclaim is used in the deed, it nevertheless purports to convey an indefeasible estate in fee simple in the land, and not the grantor's interest merely, and that it therefore works an estoppel as provided in section 1656 of the General Statutes of 1909. The language of the deed is quite similar to that of the deed referred to in *Bruce v. Luke*, 9 Kan. 201, which was held to create no estoppel. The district court found for the appellee on the other question presented, viz., that the appellants were estopped by their representations. The evidence of both parties shows, and the court found, that while negotiations were pending for the sale and purchase of the land appellant Kizer Corder stated that he owned the land by warranty deed from C. F. Jilson, except an interest therein held by one Tilden, and that a conveyance from the appellants would vest the absolute title, except that

outstanding interest, which he advised the appellee to purchase. The appellee believed these representations to be true, and relying upon them entered into an agreement with the appellants for a conveyance of the land for $650, which sum he paid and received the conveyance as agreed, and also bought the Tilden interest, paying $500 therefor, all in reliance upon the truth of the representations so made.

When he made the representations, and when he delivered the deed, Corder believed that he owned the land (except the Tilden interest) and that his statements concerning the title were true, and intended that the deed by him and wife should convey a perfect title; but about ten months afterward he was informed by an abstracter that the Kansas Town and Land Company owned an interest in the land, and thereupon he obtained a quitclaim deed from that company of its title and interest for the sum of $2, and this is the interest adjudicated against him in the district court.

The only question that need be decided is whether the representations concerning the title so made and relied upon estop the appellants from asserting and holding adversely the interest so acquired after their conveyance to the appellee. While admitting that the representations were made and that they were untrue, it is contended that because they were made in good faith, believing them to be true, and no fraud was intended, therefore an estoppel was not created. It must be conceded that the effect is the same as it would have been if guilty knowledge had been shown. It does not repair the loss of the grantee to be told that the grantor supposed he was telling the truth.

It has often been held that false representations made and acted upon to the injury of another, although not known to be false by the party making them, may nevertheless in a proper case afford ground for the

16—86 KAN.

recovery of damages. Thus it was said in *Holcomb v. Noble,* 69 Mich. 396, 37 N. W. 497:

"Careful examination of the cases adjudicated in this state satisfies me that the doctrine is settled here, by a long line of cases, that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a vicious purpose, he would have a right of action for the damages caused thereby either at law or in equity." (p. 399.)

The decision last cited was applied and followed in an action for damages on the sale of real estate, in *Aldrich v. Scribner,* 154 Mich. 23, 25, 117 N. W. 581.

The Nebraska supreme court in considering this subject, in *Johnson v. Gulick,* 46 Neb. 817, 65 N. W. 883, said:

"Whether, in an action for damages for false representations, it is necessary either to aver or prove the *scienter,* the authorities do not agree. The better rule, and the one adopted by this court, is, that the intent or good faith of the person making false statements is not in issue in such a case." (p. 821.)

"It is immaterial whether such statements are made innocently or knowingly. It is as fraudulent to affirm the existence of a fact about which one is in entire ignorance as it is to affirm what is false, knowing it to be so." (*Bullitt v. Farrar,* 42 Minn. 8, syl., 43 N. W. 566, 6 L. R. A. 149.)

This subject is reviewed in a case note in 7 L. R. A., n. s., 646.

Whatever may be the rule respecting guilty knowledge in actions for damages for deceit, the application of the doctrine of equitable estoppel does not necessarily depend upon such knowledge but may rest upon the principle that one who, by false representations that a certain state of facts exists, has misled another, is precluded from denying the truth of such representations where such denial would result in loss to the other party and operate as a fraud upon him. (*Cor-*

*nell University v. Parkinson,* 59 Kan. 365, 373, 53 Pac. 138; 2 Tiffany, The Modern L. of Real Prop. § 457; 16 Cyc. 728.)

Equitable estoppel in general terms has been defined as "such conduct . . . that it would be . . . a fraud upon the rights of another . . . to repudiate, and to set up claims inconsistent with it." (Note, 1 L. R. A. 522.)

"It is in strict agreement with equitable notions to say of such party that his repudiation of his own prior conduct which had amounted to an estoppel, and his assertion of claims notwithstanding his former acts or words, would be *fraudulent*—would be a *fraud* upon the rights of the person benefited by the estoppel." (2 Pom. Eq. Jur., 3d ed., § 803.)

This principle has been applied to representations concerning title to real estate. (*Kirk v. Hamilton,* 102 U. S. 68, 77; *Bigelow v. Foss,* 59 Maine, 162.) In *Babcock v. Case,* 61 Pa. St. 427, the grantee in a tax deed represented that he had examined the title and that it was good. The suit was to recover the consideration paid for the land. The court said that although the action was at common law it was still equitable.

"The seller was bound to exhibit the truth of the case as it existed, whether he knew them [the facts] or not. That is to say, his ignorance of them, having undertaken truly to state them, would not redeem a falsehood in regard to them in any material matter, from being a fraud, and a fraud that would avoid the contract." (p. 430.)

"When the vendee relies on the representations of the vendor, and acts upon the faith thereof, without relying on his own judgment or opinion, and this is known to the vendor, the latter can not shelter himself under the pretense that his representation was a mere expression of opinion, when it is discovered to be false." (*James Rimer v. Barney Dugan,* 39 Miss. 477, 483.)

"It is not necessary to an equitable estoppel that the party should design to mislead. It is enough that the act was calculated to mislead and actually did mislead the defendants while acting in good faith, and with

reasonable care and diligence." (*Blair v. Wait et al.,* 69 N. Y. 113, 116.)

It is contended that the appellee should be denied relief because he did not examine the records. It would be highly inequitable to say to one who in good faith has relied upon the express declaration of another that he owned the land and could convey a perfect title, that he might have ascertained its falsity by proceeding to the county seat, which in this case was 17 miles distant, and making an examination of the record. The obligation of ordinary good faith precludes the vendor from seeking shelter under such a claim. (Ewart on Estoppel, p. 137; Bigelow on Estoppel, 1st ed., p. 608; 2 Pom. Eq. Jur., 3d ed., § 810.) When a false representation is of a matter presumably within the knowledge of the party making it, not made in the way of commendation or as an opinion merely, but as a positive assertion of an existing fact to induce the other party to enter into the contract, such party, having no knowledge to the contrary, may if he act in good faith accept the representation as true, and is not bound to make inquiries or examination for himself. This rule accords with fair dealing and is sanctioned by authority. (2 Pom. Eq. Jur., 3d ed., §§ 891, 893; *Culver v. Avery,* [N. Y.] 7 Wend. 380; *Hunt v. Barker,* 22 R. I. 18, 46 Atl. 46, 84 Am. St. Rep. 812; *Dodge v. Pope,* 93 Ind. 480; *Kiefer v. Rogers,* 19 Minn. 32; *Beaupland v. Mc-Keen et al.,* 28 Pa. St. 124, 131.)

See, also, as bearing upon the question generally, *Zinc Co. v. Freeman,* 68 Kan. 691, 697, 75 Pac. 995.

General expressions in a commissioner's decision in *Chellis v. Coble,* 37 Kan. 558, 15 Pac. 505, are cited as opposed to some of the principles followed in this opinion, but as applied to the facts of this case these principles are well founded in equity and sustained by the authorities.

The judgment is affirmed.