# MILLER v. WISSERT.

No. 2646. Opinion Filed July 22, 1913.

Rehearing Denied October 7, 1913.

(134 Pac. 62.)

1. FRAUD—False Representations — Vendor and Purchaser. If, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith bound to disclose, this is evidence of an equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party, and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.

2. SAME—Misrepresentation as to Quantity of Land—Action by Purchaser—Defense. False representations of a vendor as to the quantity of a tract of land he offers for sale are not mere matters of opinion, but are material, and he cannot avoid their consequences merely because the vendee might have ascertained their falsity by a survey of the land or by reference to official plats and records.

(Syllabus by the Court.)

*Error from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Action by Jacob Wissert against John P. Miller. Judgment for plaintiff, and defendant brings error. Affirmed.

*Talbott & Owen,* for plaintiff in error.
*Titus & Carpenter,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover a certain sum as damages alleged to be due the plaintiff on account of false and fraudulent representations made to him by the defendant, concerning the

number of acres contained in a certain tract · of land, purchased by the plaintiff from the defendant. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The record, in so far as it is set out in the briefs of counsel, in compliance with rule 25 of this court (20 Okla. xii, 95 Pac. viii), discloses no reversible error. It seems that the defendant listed a certain tract of land owned by him with a real estate agent for sale; that the land, although described as a full quarter section, consisting of 160 acres, was in fact a short quarter and contained only 148.94 acres. The defendant did not inform the real estate agent that the tract of land was what is known as "a short quarter," and the real estate agent in his dealings with the plaintiff, who was desirous of purchasing a full quarter section, containing 160 acres, held out to him that the quarter section he had for sale answered that requirement. Thereupon the plaintiff and the real estate agent examined the land, and a few days thereafter the plaintiff and defendant entered into a written contract for the purchase and sale of the same, wherein the land was described as "the northwest quarter of section 19, township 25 north, of range 9 west," without designating the number of acres it contained. The contract also contained a provision to the effect that the contract, together with a deed of said land, shall be put in escrow in the Farmers' Bank at Jet, Okla., to be delivered when party of the second part paid a balance due on the purchase price.

In the deed executed in pursuance of this part of the contract the land was described as "the northwest quarter of section 19, township 25 north, of range 9 west of I. M. in Oklahoma, containing 160 acres, more or less, according to the government survey thereof." Thereafter the balance of the purchase price was paid, and the deed was delivered to the plaintiff. Some time subsequent to that defendant turned the

patent to the land, issued to him by the United States, over to
the plaintiff, wherein the land was described as follows: "The
northwest quarter of section 19 in township 25 north, of range
9 west of I. M. in Oklahoma, containing 148.94 acres, ac-
cording to the official plat of the survey of the said land, re-
turned to the General Land Office by the surveyor general."

Upon discovering the shortage, which was first disclosed
by the patent, plaintiff commenced this action. The foregoing
facts, which are undisputed, would entitle the plaintiff to re-
cover for breach of contract. But there was also evidence
tending to show that the defendant, the only person who had
actual knowledge of the number of acres contained in the
tract of land he offered for sale, was guilty of deceit by
suppressing this information.

The defendant knew that the plaintiff and the real estate
agent were dealing together upon the basis that the tract
contained 160 acres, and intentionally had concealed the
fact of the shortage from them. It is obvious that the con-
tract and the deed from the defendant to the plaintiff, which
were prepared by the real estate agent, were both drawn under
the belief by the plaintiff and the real estate agent that the
tract contained 160 acres. But, in addition to the silence of
the defendant under circumstances that he should have spoken,
it was shown that both the plaintiff and the real estate agent
requested the defendant to supply them with the patent issued
by the United States, in order that the land might be cor-
rectly described in the contract and deed, and that the de-
fendant answered in effect that the description contained
in the deed is correct, that "I do not know where the patent
is," and that he did not deliver the patent until after the
deal was completely closed, whereupon he immediately pro-
duced it, and informed the plaintiff of the shortage. It is
impossible to read the evidence without coming to the con-
clusion that the defendant intentionally fostered the impression
which he knew the plaintiff and the real estate agent enter-

tained, concerning the number of acres contained in the tract of land offered for sale. The rule is that if, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith bound to disclose, this is evidence of an equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party; and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff. Cooley on Torts (3d Ed.) vol. 2, p. 910; *Westerman v. Corder,* 86 Kan. 239, 119 Pac. 868, 39 L. R. A. (N. S.) 500; *Head v. Thompson,* 77 Iowa, 263, 42 N. W. 188; *Cooper v. Ft. Smith & W. R. Co.,* 23 Okla. 139, 99 Pac. 785; *St. L. & S. F. R. Co., v. Reed,* 37 Okla. 350, 132 Pac. 355.

False representations of a vendor as to the quantity of a tract of land he offers for sale are not mere matters of opinion, but are material, and he cannot avoid their consequences merely because the vendee might have ascertained their falsity by a survey of the land or by reference to official plats and records. *Stearns v. Kennedy,* 94 Minn. 439, 103 N. W. 212.

There are other assignments of error argued by counsel for plaintiff in error in his brief which question certain rulings of the trial court upon the introduction or rejection of evidence and as to the correctness of a certain instruction given. Such errors belong to the class which, by section 5680, Comp. Laws Okla. 1909, the court is required to disregard, when they do not affect any of the substantial rights of the adverse party. An examination of the record convinces us that upon the merits of the case the plaintiff is clearly entitled to recover; and that there was no error or defect in the plead-

ings or proceedings which affected any substantial rights of the defendant. *Mullen v. Thaxton,* 24 Okla. 643, 105 Pac. 359.

The judgment of the court below is therefore affirmed.

HAYES, C. J., and WILLIAMS, and TURNER, JJ., concur; DUNN, J., absent.