No. 26,927.

HARRY BEREN et al. (GEORGE J. GLEIM, *Appellee*) v. MARSHALL OIL
AND GAS CORPORATION et al. (E. M. MARSHALL et al., *Appellants*).

SYLLABUS BY THE COURT.

1. PARTIES.—*Intervention — Creditors Under Receivership — Discretion of
Court.* Receivers were appointed to take charge of an oil and gas lease
and a quantity of material and tools used in connection therewith, in an
action to enforce a lien thereon. Judgment was rendered giving liens in
some instances and mere personal judgments in others, jurisdiction being
reserved to make further orders and judgments, and the holders of the
personal judgments being enjoined from having execution issued. It is held
that no error was committed in permitting a subsequent intervention by the
owner of other personal judgments, rendered at a later term, and allowing
him a proportionate share with the holders of the earlier personal judgments
in the proceeds of the sale of the property in the control of the receivers
after the payment of the liens.

2. JUDGMENTS—*Lien of Judgment—Oil and Gas Leases.* The statute making
a judgment a lien on the real estate of the debtor within the county does
not apply to an ordinary oil and gas lease.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion
filed December 11, 1926. Affirmed.

*F. J. Leasure* and *J. M. Pleasant,* both of El Dorado, for the appellants.
*Homer V. Gooing,* of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Marshall Oil and Gas Corporation owned an oil
and gas lease, in the attempt to develop which it incurred a number
of debts for supplies. Several liens were filed against the lease and
appurtenant property, and an action was brought to foreclose one of
them. Other parties were brought in, and receivers were appointed
to take charge of and operate all the corporation's property. By
order of the court the property was sold by the receivers, the pro-
ceeds being applied first to the liens that had been allowed. On June
6, 1923, several personal judgments, not secured by liens, were ren-
dered in favor of various parties, the court ordering the residue of
the proceeds of the sale to be prorated among them. In April, 1924,
two personal judgments were rendered against the corporation in

Equity, 21 C. J. p. 346 n. 60.  Judgments, 34 C. J. p. 593 n. 77.  Parties, 20
R. C. L. 689.

separate actions.   These were assigned to George J. Gleim, who thereafter asked permission to intervene in the case in which the receivers were appointed.   His request was granted, and he was allowed to share proportionately with the other judgment creditors in the funds in the hands of the receivers after the payment of the specific liens.   One of the judgment creditors appeals from these rulings, on the ground that Gleim had no right to intervene, and that the appellant was entitled to priority of payment over him because of having by its judgment obtained a lien on the property which was thereafter sold by the receivers.   The receivers join in the appeal, although their interest in it is not apparent.

1. Intervention may in many situations be allowed without express statutory authority, in the discretion of the court.   (*Gibson v. Ferrell*, 77 Kan. 454, 94 Pac. 783; *Ball v. Oil & Gas Co.*, 113 Kan. 760, 763, 216 Pac. 420, 422.)   We think the present case falls within that rule.   The appellants urge that the receivers were not appointed to wind up the affairs of the Marshall corporation, and that no order was made for creditors generally to assert their claims against the property in the receivers' hands.   The court, however, in rendering judgment expressly retained jurisdiction for the purpose of making further orders and judgments, and enjoined the parties in whose favor personal judgments had been rendered from having execution issued thereon.   The fair inference is that the court's purpose was to hold matters in abeyance to give other creditors opportunity to intervene if they so desired.

2. A personal judgment is a lien on the real estate of the debtor within the county from the first day of the term at which it is rendered.   (R. S. 60-3126.)   The property placed in the control of the receivers consisted of the lease and a variety of personal property used in connection therewith.   So far as concerns anything except the lease itself it is clear beyond controversy that no lien attached upon the rendition of the judgment.   The lease was an incorporeal hereditament, and the same reasoning which resulted in holding that such an interest is not within the operation of the mechanics' lien statute (*Suppy Co. v. McLeod*, 116 Kan. 477, 227 Pac. 350) requires us to hold that it is not subject to a judgment lien.

The judgment is affirmed.