## WITT et al. v. GARROD et al.

No. 29239.   March 26, 1940.

*101 P. 2d 619.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Sam L. Wilhite, of Durant, for defendant in error.

BAYLESS, C. J.  Coke Witt, and wife, appéal from a judgment of the district court of Caddo county, Okla., in favor of Harry G. Garrod and wife.

The plaintiffs, Garrod, filed suit for judgment on note and foreclosure of mortgage on farm land.   Defendants, Witt, answered that the note and mortgage were given as purchase price of land conveyed by Garrods to Witts by warranty deed, without exceptions, and asserted an offset and counterclaim for damages for fraud and breach of contract and warranty because the land was cut in two by a railroad and was deficient in acreage. This language from the brief of Witts serves to outline the general nature of the litigation. The defendants assumed the burden of proof, but at the close of their case the trial judge sustained a demurrer to their evidence, discharged the jury, and rendered judgment for plaintiffs.

We think it proper to get the precise issues, and the evidence in support thereof, in view.   The plaintiffs pleaded the note and mortgage, and asked for the usual relief incident to actions of that nature. The defendants answered admitting the execution and delivery of the note and mortgage, and at the time of the trial assumed the burden of proof, by reason of which it was proper for the plaintiffs to have judgment, subject only to the offset or counterclaim of the defendants.   In this respect there is no complaint in this appeal.

The answer of the defendants stated:

"(1)   That plaintiffs by their warranty deed covenanted that they had fee-simple title to the 160 acres, they had good right to convey, and all of the premises were free and clear; (2) defendants purchased in reliance thereon; (3) that the land is bisected by a railroad right of way occupying 15 or 20 acres of the land, to their inconvenience and damage, and that what has already been paid by defendants to plaintiffs exceeds the fair cash value of the farm at the time of the deal, and plaintiffs should be denied any relief."

Defendants prayed for damages in a sum substantially equal to the amount sued for by plaintiffs.

It will be noticed that in addition to the damages based on the deficiency in acreage the defendants seek damages for fraud, general depreciation, and inconvenience. In the course of the trial the

trial judge usually kept evidence relating to these items out of the jury's consideration, and correctly so, we think. The law in this state, as announced in the decisions of this court, is that misrepresentation in a deed respecting the quantity of land conveyed, or other fraud, gives rise to a cause of action, and the purchaser has an election of remedies: He may rescind the contract for fraud or for the breach of the warranty, and tender back what he has received and demand the return of what he has parted with; or he may affirm the contract and sue for damages. Reger v. Henry, 48 Okla. 759, 150 P. 722; Joiner v. Ardmore L. & Tr. Co., 33 Okla. 266, 124 P. 1073; Burke v. Smith, 57 Okla. 196, 167 P. 51; Miller v. Wissert, 38 Okla. 808, 134 P. 62, and other cases. Defendants affirmed the contract after they knew of the railroad right of way across the land and after they knew of the shortage in acreage conveyed. There is no evidence in the record of any misrepresentation or fraudulent statements made to defendants by plaintiffs in order to induce them to purchase the land, unless reference is had to the recitals of the deed. The deed makes no mention of the railroad right of way, and since it seems admitted that the right of way was based on fee-simple title through an Act of Congress prior to the time the federal government parted with title, it follows that there was a deficiency in acreage and to that extent a breach of the covenants of the deed irrespective of whether such breach amounts to fraud. Therefore, insofar as the record before us is concerned, we have simply a cause of action for damages for a breach of the covenants of the deed.

The measure of damages for a breach of the covenants of a deed specified in section 9967, O. S. 1931, 23 Okla. St. Ann. § 25, governs the defendants in the evidence of detriment they must adduce and the amount of the recovery. That statute reads:

"The detriment caused by the breach of a covenant of seisin, of right to convey, or warranty, or of quiet enjoyment, in a grant of an estate in real property is deemed to be:

"1. The price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property. * * *"

There are two other factors mentioned, but no claim thereto was made nor evidence thereon introduced, so our consideration is limited to that portion of the statute quoted.

There is no evidence in the record from which it can be established with any reasonable certainty how many acres were owned by the railroad. Estimates respecting the approximate amount of land on the east and west sides of the right of way in the particular 80 give an idea that about 25 acres were affected by the breach. There is no evidence in the record of the character required by the quoted statute of the value of this 25 acres at the time of the purchase by defendants.

An effort was made by the defendants to establish the measure of their detriment by offering proof of the value of the whole farm at the time of the sale affected by the railroad right of way, which proof was admitted; and by offering proof of the value the whole farm would have had at the time had not the railroad been there, which offered evidence was rejected as not touching the proper measure.

The trial judge by admitting the evidence of the value of the farm at the time of the purchase by defendants acted correctly; but by excluding evidence of the supposed value of the farm without the railroad at the time of the purchase by the defendants he also acted correctly.

The rejected evidence did not touch upon a factor named in the statute defining the measure of damages, and because it did not it was improper and incompetent. It seems that defendants' attorney desired to establish that there was a difference in the values he was at-

tempting to prove and to treat this difference in values as the measure of damages. The rejected evidence was upon a vital issue that defendants were required to establish according to a pattern set by statute, and the trial judge had no discretion with respect to rejecting the evidence, for it was not competent. It could not even be helpful to the jury.

The statute is explicit in saying that for a partial breach of the covenant the measure of damages is the proportion of the purchase price ($3,000 in this instance) that the value (not shown in this case) of the land affected by the breach (probably 25 acres in this instance) bore to the value (shown to be $1,500) of the whole estate (160 acres).

This measure cannot be established simply by showing what the whole estate would be worth if it were not affected by the railroad right of way, and what it is worth affected thereby. It is apparent from the measure stated where the breach is total that no allowance is to be made for loss of profit or other speculative factors. If the breach is total, the entire purchase price is recoverable; if the breach is partial, the proportion of the purchase price represented by the value of what the purchaser failed to receive is recoverable. In other words, if the value of what was not obtained is along the average of the entire estate, the purchase price is diminished accordingly, but if it should bear a greater or smaller relation thereto, the purchase price is diminished accordingly.

Because there was no evidence of the damage done to defendants by the deficiency in acreage according to the statutory measure, we think the trial judge was justified in sustaining the plaintiffs' demurrer to the defendants' evidence. The evidence of defendants is sufficient to show a deficiency in acreage, but there is no evidence of the proper character by which the jury could determine the amount of detriment. In Colonial Sugar Co. v. Waldrep, 121 Okla. 31, 245 P. 623, we said:

"Where the defendant does not offer sufficient evidence in support of his answer to justify a verdict in his favor, there is nothing to submit to the jury and it is the duty of the court to sustain plaintiff's motion for an instructed verdict."

The defendants assert that this is not the ground upon which the trial judge sustained the demurrer, as is evidenced by his remarks to the jury when he discharged them. No ground for his action is stated in the journal entry of judgment, and it is controlling. But, if a wrong ground was stated therein, we are required to affirm the judgment if the record presents other and proper ground for so doing. Ivester v. State ex rel. Gillum, 183 Okla. 519, 83 P. 2d 193, and Ringer v. Byrne, 183 Okla. 46, 80 P. 2d 212, and other cases.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.