BONE v. FRANKLIN.

No. 31927. Nov. 20, 1945.

*163 P. 2d 527.*

C. C. Wilkins, of Marietta, for plaintiff in error.

R. A. Howard, of Ardmore, for defendant in error.

PER CURIAM. This action was commenced by Jim Bone, hereinafter called plaintiff, to recover from E. L. Franklin on a breach of warranty of title to 20 acres of land. The cause was tried to the court, and at the conclusion of the evidence the court sustained a demurrer thereto and plaintiff appeals.

The facts disclose, without substantial conflict, that Daniel Bacon died May 4, 1930, leaving 100 acres of land in the S. E. ¼ of section 25, township 5 S., Range 1 E., in Carter county, to five heirs in equal undivided proportions. E. L. Franklin had obtained certain interests in the land from these heirs. Prior to the conveyance of his interest to E. L. Franklin, Daniel Bacon, one of the owners of the undivided one-fifth interest, conveyed all of his oil and gas mineral rights to Tomlinson and Westheimer. Plaintiff acquired the one-fifth interest of Louisa Bacon Palmer.

Plaintiff and defendant entered into a contract May 9, 1939, in contemplation of a partition suit in order to divide the interest of the respective parties. After judgment in the proceeding there was a deed executed by the sheriff to the plaintiff and defendant jointly following an order of sale in the partition proceeding. This deed was dated January 8, 1941. On the same date plaintiff executed a deed of his interest in the 100 acres to the defendant and the defendant executed a deed to the 20 acres involved in this litigation to the plaintiff.

This action is on the contract and deed from the defendant to the plaintiff and is based upon the allegation that there was an agreement in the contract and a warranty deed in compliance

therewith warranting the 20 acres in fee simple free and clear of all encumbrances.

It is first argued that the court erred in sustaining a demurrer to the evidence. We find the defendant in a similar position as to the proof of damages as were the defendants who filed an answer and cross-petition in Witt v. Garrod, 187 Okla. 14, 101 P. 2d 619. Therein we held that it is the duty of the covenantee to prove the value of the partial failure of a covenant of warranty in proportion to the purchase price paid for the entire title. The partial failure in the case at bar was one-fifth of the oil and gas mineral rights. The plaintiff proved the partial failure of the estate but failed to establish the value of the partial failure in relation to the consideration or price paid for the 20 acres.

It is next argued that the trial court erred in excluding certain proffered evidence. After the trial was concluded plaintiff made a tender of the deed executed from plaintiff to the defendant as proof of the purchase price or consideration for the deed. We find no error in excluding this tender of proof. The parties had already stipulated that the deed was executed for and in consideration of the partition suit and the conveyance of the 20 acres from defendant to plaintiff and the deed shows on its face that it was executed for the sum of one dollar and the division of the properties. Under such circumstances the plaintiff stood in the same relation to the interest owned by Tomlinson and Westheimer as he did prior to the conveyance and we think the record clearly reflects that there was no consideration paid for said deed other than the promise and agreement to reconvey a portion of the premises agreed upon between the parties at the time they entered into the contract in May, 1939. Under such circumstances it was the duty of the plaintiff to establish the value of the part of the warranty that failed. There is no evidence of such value in proportion to the consideration paid and the court properly sustained the demurrer.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.