No. 54,904

UTICA NATIONAL BANK AND TRUST COMPANY, TULSA, OKLAHOMA, A NATIONAL BANKING CORPORATION, *Appellee*, v. G. W. MARNEY AND TRIANGLE DRILLING OF EL DORADO, INC., *et al.*, *Appellant*.

(661 P.2d 1246)

Opinion filed April 29, 1983.

*Robert M. Green*, of El Dorado, argued the cause and was on the brief for appellant Triangle Drilling of El Dorado, Inc.

*David Maslen*, of Dale, Hickman & Mills, of Arkansas City, argued the cause and was on the brief for appellee Utica National Bank and Trust Company.

*Kenneth L. Greene*, Assistant United States Attorney General, argued the cause, and *Michael L. Paup, William S. Estabrook, Glenn L. Archer, Jr.*, Assistant United States Attorneys General, and *Jim J. Marquez*, United States Attorney, were with him on the brief for appellee United States Treasury Department.

The opinion of the court was delivered by

MILLER, J.: This is an interlocutory appeal by Triangle Drilling of El Dorado, Inc., one of the defendants in this mortgage foreclosure action, from an order of the district court of Cowley County holding that judgment liens do not automatically attach to oil and gas leasehold interests. The sole issue presented is whether that ruling is correct.

Triangle Drilling recovered a judgment against G. W. Marney in the district court of Cowley County on December 17, 1979, for $19,642.50. Some $3,600 was paid on this judgment within the next five months, leaving the remainder unsatisfied. Triangle Drilling did not file or foreclose a lien against the oil and gas leasehold interests with which we are here concerned nor did it levy an execution on its judgment against those interests.

On July 23, 1980, G. W. Marney and others executed a promissory note in the sum of $160,000 to the plaintiff, Utica National Bank and Trust Company of Tulsa, Oklahoma. At the same time, as security for the note, the debtors gave Utica National a mortgage on certain oil and gas leasehold interests in Cowley County which are the subject of this lawsuit. The mortgage was

filed for record in the office of the register of deeds in Cowley County, Kansas, on August 18, 1980. Utica National filed this lawsuit on July 30, 1981, seeking judgment in the amount of the unpaid principal and interest on the note, and for foreclosure of its mortgage. In addition to Marney and the other principal debtors, Triangle Drilling and other parties who held claims of record against one or more of the debtors were joined as defendants.

The trial court issued an order in which it found that the judgment lien of Triangle Drilling did not attach to oil and gas leasehold interests under K.S.A. 1982 Supp. 60-2202 because those leasehold interests are personal property and not interests in real estate.

K.S.A. 1982 Supp. 60-2202 reads in relevant part as follows:

"Any judgment rendered in this state on or after January 10, 1977, by a court of the United States, or any judgment rendered by a district court of this state on or after such date in an action commenced pursuant to chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the debtor within the county in which judgment is rendered."

The question is, then, are oil and gas leasehold interests "real estate" for the purposes of this statute? The trial court found that they were not, and we agree. This ruling is supported by a long line of Kansas cases.

In *Connell v. Kanwa Oil Co.*, 161 Kan. 649, 653, 170 P.2d 631 (1946), we said:

"[W]hatever the situation may be elsewhere and irrespective of how the present personnel of this tribunal would decide the question if it were one of first impression . . . since *Zinc Co. v. Freeman,* 68 Kan. 691, 75 Pac. 995, down to the present time this court has definitely committed itself to the doctrine—even to the extent it can be said to be an established rule of property and must be adhered to—that an oil and gas lease conveys no interest in the land therein described but merely a license to explore, and is personal property—an incorporeal hereditament—a profit *a prendre.*" (Citations omitted.)

In *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974), we said:

"We have stated in many cases that an oil and gas lease does not create any present vested estate in the nature of title to the land which it covers or to the oil and gas in place. It merely conveys a license to enter upon the land and explore for such minerals and if they are discovered to produce and sever them. We have further declared that an oil and gas leasehold interest is personal property—an incorporeal hereditament—a profit *a prendre. (Connell v. Kanwa Oil Inc.,* 161 Kan. 649, 170 P.2d 631, citing many Kansas cases to that effect.) The Kansas

courts, like those of other jurisdictions, have found some difficulty in fitting the interest of an oil and gas lessee into the traditional common-law classifications relating to ordinary surface interests in land. It seems to be agreed that an oil and gas leasehold interest is a property right, but there still remains wide disagreement among the various jurisdictions of this country as to whether it is real property or personal property. A number of our opinions state categorically in general language that an oil and gas lease is personal property. (*Burden v. Gypsy Oil Co.*, 141 Kan. 147, 40 P.2d 463; *Connell v. Kanwa Oil Inc.*, supra; *Wilson v. Holm*, 164 Kan. 229, 188 P.2d 899.) In *Western Natural Gas Co. v. McDonald*, 202 Kan. 98, 446 P.2d 781, we qualify the rule by stating that the rights created by oil and gas leases covering land in Kansas constitute intangible personal property *except when that classification is changed for a specific purpose by statute.*" 214 Kan. at 418-19. (Emphasis in original.)

See also *Western Natural Gas Co. v. McDonald*, 202 Kan. 98, 100, 446 P.2d 781 (1968).

Seizing upon the last quoted sentence from the *Ingram* opinion, the appellant points to a number of Kansas statutes which declare that real estate includes oil and gas leasehold interests for the purposes of the statute and argues that these statutes indicate that oil and gas leases are real estate under the judgment lien statute. The statutes cited, K.S.A. 55-210 (mortgage and lien foreclosures), K.S.A. 58-2221 (recordation of oil and gas leases), K.S.A. 60-601 (venue), K.S.A. 60-1001 (actions to recover property), K.S.A. 60-2401 (execution), all provide for situations where oil and gas leases and real estate are treated the same or similarly. None of these sections, however, mandates the classification of oil and gas as real estate for purposes of the judgment lien statute. K.S.A. 1982 Supp. 60-2202 is notably silent on the question.

In *Beren v. Marshall Oil & Gas Corp.*, 122 Kan. 134, 251 Pac. 192 (1926), we declared that the predecessor to the current judgment lien statute, R. S. 1923, 60-3126, which also provided that judgments became liens upon real estate, did not apply to an ordinary oil and gas lease because such leases are personal property, incorporeal hereditaments and not real estate. 122 Kan. at 135. The judgment lien statute, although amended several times in various particulars since *Beren,* has not been changed to include oil and gas leases.

The legislature has frequently modified statutes in response to holdings by this court. That it has not modified the judgment lien statute is indicative of a legislative determination to continue the doctrine announced in *Beren,* that judgment liens do not attach

to ordinary oil and gas leasehold interests. We adhere to the *Beren* opinion. Under K.S.A. 1982 Supp. 60-2202, judgments of district courts of this state in actions commenced pursuant to Chapter 60 of Kansas Statutes Annotated become liens upon the real estate of the debtor but they do not become liens upon oil and gas leasehold interests. Such interests constitute personal property except in those specific instances when that classification is changed by statute for a specific purpose. Such is not the case here.

The judgment is affirmed.