## No. 11,225.

## LANE *v*. MORRIS.

Decided May 4, 1925.  Rehearing denied June 2, 1925.

Action against mortgagor for rental value of mortgaged premises after expiration of period of redemption.  Judgment of dismissal.

### *Reversed.*

### *On Application for Supersedeas.*

1. FORCIBLE ENTRY AND DETAINER—*Mortgaged Premises.*  Where grantor in a trust deed does not unlawfully detain the mortgaged premises after trustee's sale, the purchaser has no occasion to resort to the provisions of the forcible entry and detainer statute.

2. TRUST DEED—*Foreclosure—Trustee's Deed.*  Where property is sold under the provisions of a trust deed, the trustee's deed cannot properly issue until the expiration of nine months from date of sale.

3. *Foreclosure—Rights of Owner.*  After sale of premises by public trustee under power conferred by the trust deed, the only right possessed by the owner of the property is to redeem from the sale within six months thereafter and retain possession during the nine months period of redemption.

4.    *Foreclosure—Forcible Entry and Detainer.* The recovery
provided by section 6370, C. L. '21, of the forcible entry and
detainer act was not intended as a penalty for the unlawful
withholding of mortgaged premises by the owner after foreclosure
sale, but as compensation for the use thereof.

5.    PLEADING—*Damages—Use of Mortgaged Premises After Sale.* A
purchaser at trustee's sale having alleged that he had never
assigned the trustee's certificate of purchase, and had surrendered
the same and obtained a trustee's deed for the premises, thereby
alleged all that was necessary to entitle him to recover compen-
sation from the former owner for the use of the land after the
nine months period of redemption had expired.

*Error to the District Court of Conejos County, Hon. Jesse
C. Wiley, Judge.*

Messrs. MOSES & ELLITHORP, for plaintiff in error.

Mr. J. H. THOMAS, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFF in error brought this suit against defendant
in error in the court below to recover the rental value of
certain premises described in the complaint. A motion to
strike certain portions of the complaint being sustained,
an amended complaint was filed to which a general demur-
rer was interposed. The demurrer was sustained and
plaintiff electing to stand on his amended complaint the
action was dismissed. Plaintiff brings the case here and
applies for a supersedeas. The question presented is,
Does the amended complaint state facts sufficient to con-
stitute a cause of action?

The material facts alleged, and admitted by the demur-
rer, are substantially as follows: That at a public trus-
tee's sale held on October 17, 1923, the plaintiff purchased

the premises described in the complaint and obtained from the public trustee a certificate of purchase therefor; that the defendant was the grantor in the deed of trust under which the sale was made; that after the statutory period of nine months for redemption had expired plaintiff surrendered the certificate to the public trustee and obtained from him a trustee's deed conveying the premises to the plaintiff, and that the plaintiff is still the owner thereof.

It was further alleged that during the spring of 1924, the exact date of the several plantings being unknown to the plaintiff, the defendant planted on the lands described in the complaint a crop of barley, oats, peas and potatoes; and that the greater part, if not all of the crops were planted after the 18th day of April, 1924, and after the period of six months, allowed defendant in which to redeem from the trustee's sale, had expired; that the defendant remained in possession of the premises until on or about July 17, 1924, when she voluntarily surrendered possession of the same to the plaintiff; that plaintiff thereupon moved onto the premises and continued to occupy and possess the same; that without the consent, and over the protest and objections of the plaintiff, the defendant harvested all of the crops grown upon the premises, and took and appropriated to her own use all of the crops except some peas.

It is further alleged that the reasonable rental value of the premises during the time the same were occupied by defendant after the date of the expiration of her period of redemption from the trustee's sale, to the time when defendant harvested the crops therefrom, was the sum of $1,000.00.

The defendant's contention is that plaintiff's rights are determined by the provisions of sections 6369, 6370 and 6371, Compiled Laws 1921, of what is known as the Forcible Entry and Detainer Act.

If plaintiff had obtained his trustee's deed, and had made a demand in writing upon defendant for possession of the premises and defendant had refused to surrender the same,

plaintiff would then have been compelled to institute proceedings under that act to recover possession. In such case "the person in possession shall be entitled to cultivate and gather the crops, if any, planted or sown by him previous to the service of the demand to deliver up possession, and then grown or growing on the premises;" and would have the right to enter upon the premises for the purpose of removing the crops, first paying or tendering to the party entitled to possession, before removing the crops, a reasonable compensation for the use of the land.

In the instant case it does not appear when plaintiff received his trustee's deed other than that it was received after the period of redemption had expired. It does appear that plaintiff permitted defendant to remain in possession of the premises until she voluntarily surrendered the same July 17, 1924.

The defendant did not, at any time, unlawfully detain possession of the premises from the plaintiff, and there was, therefore, no occasion at any time for plaintiff to resort to the provisions of the Forcible Entry and Detainer Statute.

The trustee's deed could not properly have issued until after July 17, 1924. C. L. 1921, § 5055; *Carlson v. Howes,* 69 Colo. 246, 193 Pac. 490.

After the sale by the public trustee, the only right defendant possessed was the right to redeem from the sale within six months thereafter, and to retain possession during the nine months' period allowed for redemption. Failing to redeem, defendant lost all her interest in or right to the property and was divested of her title thereto.

The recovery provided for in section 6370, supra was not intended as a penalty for the unlawful withholding of the premises, but as compensation for the use thereof; hence we are unable to perceive any reason why plaintiff should not recover compensation for the use of the land after July 17, 1924. Plaintiff's right to recover is not affected by the fact that no demand was made for possession, for none was necessary. Defendant's voluntary surrender

was a recognition of plaintiff's right to possession after July 17, 1924.

Having alleged that he had never assigned the trustee's certificate of purchase but surrendered the same to the trustee and obtained the trustee's deed for the premises, the plaintiff alleged all that was necessary to entitle him to recover compensation for the use of the land after the nine months' period of redemption had expired. Defendant might have had the right to insist, before relinquishing possession, that plaintiff obtain a trustee's deed, but having voluntarily surrendered possession, it became wholly immaterial, so far as she was concerned, whether plaintiff had obtained the deed or not.

We are of the opinion that the amended complaint was sufficient and that the demurrer should have been overruled.

The judgment is reversed and remanded with instructions to overrule the demurrer.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.