## In re COPE.

## In re CHILTON.
### Nos. 8068, 8074.

District Court, D. Colorado.
Jan. 2, 1935.

For former opinion, see 8 F. Supp. 778.

In No. 8068:

Albert Dakin, of Longmont, Colo., for Charles Francis Cope.

Twitchell, Clark & Burkhardt, of Denver, Colo., for C. G. Christoffers.

In No. 8074:

J. Emery Chilton, of Denver, Colo., for James William Chilton.

William E. Hutton and John F. Pierce, both of Denver, Colo., for Central States Life Ins. Co.

James R. Hoffman, of Denver, Colo., for John R. Walker, creditor.

SYMES, District Judge.

It was thought that the memorandum of the court (8 F. Supp. 778) was not clear on certain questions discussed, so the matter has been reargued, supplemental briefs submitted and considered by the court. It is urged that a debt must exist between the bankrupt and the creditor; and that the bankrupt is precluded from litigation regarding possession of the property.

Subsection (c) of section 75 of the act (11 USCA § 203 (c) provides that the farmer may file a petition "stating that the farmer is insolvent or unable to meet his debts as they mature, and that it is desirable to effect a composition or an extension of time to pay his debts," is all-inclusive, and clearly refers to debts of all kinds, general, special, prior or secured. And under (i), same section, 11 USCA § 203 (i), the court shall confirm a composition if satisfied that "(1) it includes an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer; (2) it is for the best interests of all creditors," etc.

Subsection (o) of section 75 (11 USCA § 203 (o) refers particularly to claims against the farmer enforceable without his consent, and specifies the particular kind of proceedings that shall not be instituted, or if already instituted, shall not be maintained in any court or otherwise, against the farmer "or his property." Among these prohibited acts are "(2) Proceedings * * * for recovery of possession of land," and (6) proceedings under a "mortgage." These provisions are carried forward into the Frazier-Lemke Bill, which amends section 75, but does not repeal it. The Frazier-Lemke Act, so called, section 75 (s) of the act (11 USCA § 203 (s), provides that the farmer may "petition the court that all of his property, whether pledged, encumbered, or unencumbered, by liens or otherwise, be appraised," etc.

The word "property" in the light of these provisions must be considered to include the right to possession of land, or the right to stop proceedings that in any way involve property. Lane v. Morris, 77 Colo. 343, 237 P. 154, cited in the briefs, gives the mortgagor, after sale by the public trustee, the right to redeem and retain possession during the full nine months' period allowed for redemption under the old statute. Moncrieff v. Hare, 38 Colo. 221, 87 P. 1082, 7 L. R. A. (N. S.) 1001, and Plains Co. v. Hood, 76 Colo. 322, 230 P. 1008, simply hold, as the court has already stated, that when the foreclosure sale is made and the property bid in, notes surrendered and canceled, and trustee's certificate issued, the mortgage is paid. Neither involved the right of the mortgagee to retain possession. We are aware of no rule that would prevent the mortgagor retaining possession, if he were in possession when his petition was filed, because the filing of the petition operates to stop all acts or proceedings for the recovery of property of the debtor. That means the mortgagee can go no further, but must stand still at that point, and the mortgagor, subject to the consent of the mortgagee, may buy the property at the appraised value, and it would seem that the benefits of the so-called moratorium declared by subdivision 7 of the Frazier-Lemke Act, 11 USCA § 203 (s), subd. 7, apply to a mortgage in the situation it is in when the petition is filed.

In conclusion: If section 75 of the Bankruptcy Act, as amended, is constitutional, as this court has held it to be, it follows that while the mortgagor had no equity of redemption at the time the petition was filed, he did have a right of possession on that date, and that right would continue if and when he complied with the provisions of subdivision 7, and would operate as a moratorium as to that right of possession.

It follows that the properties in question are subject to the exclusive jurisdiction of the federal court in bankruptcy. The court

is of the opinion that subsection (*o*) of section 75 is self-executing, and that the parties to these proceedings, and all others, are charged with knowledge thereof, and that any violation thereof would subject them to contempt proceedings. In order to make an appealable record, however, it is the order of the court that the relief prayed for be granted; that is, that the respective mortgagees be restrained from further proceedings in the state court.