No. 15,414.

CRUSE, DIRECTOR OF REVENUE *v.* MARSTON.
(148 P. [2d] 1004)

Decided May 1, 1944.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. GEORGE K. THOMAS, Assistant, for plaintiff in error.

Mr. FREDERICK P. CRANSTON, Mr. BEN S. WENDELKEN, for defendant in error.

Mr. PAGE M. BRERETON, amicus curiae.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order below. They are hereinafter referred to as the Director and Marston, respectively.

The Director held as taxable under the surtax provision of our income tax law certain oil and gas "royalties" received by Marston in 1938, 1939 and 1940, and made an assessment accordingly. The district court reversed the Director and gave judgment for Marston. To review that judgment the Director prosecutes this writ. The four assignments simply assert that the court's judgment is contrary to the law, the facts, and a valid regulation of the department.

By way of introduction, we observe that it would aid this court if counsel would cite statutes by chapter, section, book and page, instead of referring to them merely as "Sec. 2 (a)," etc. Also, if they would comply with the mandate of Rule 115 (c) (2), p. 367, vol. 1, '35 C.S.A. (1941 Replacement), a rule more honored in the breach than in the observance.

Section 2, chapter 175, page 678, Session Laws of 1937, provides for a tax on net incomes "of every resident of this state," and closes with: "In addition to the tax imposed by this section, a surtax without exemption or reduction for any cause, at the rate of two per centum (2%) is hereby imposed upon so much of the income of every individual resident of Colorado as may consist of dividends from corporate stock, royalties, interest from money, notes, credits, bonds, and other securities."

Marston, a resident of Colorado, owns oil lands in

Texas, contracts it to producers and receives as his share one-eighth of the oil produced, delivered at the wells or in the pipelines. A surtax thereon as "royalties," claimed under the section above quoted, is the subject of this litigation.

Treasury regulation, "Article 2 (a) of Regulation No. 1 of the income tax act of 1937," provides, inter alia, that said tax is "upon the gross income derived from *intangible* property, such as * * * royalties * * *." It adds nothing to the statute unless it be the construction that the tax is specifically limited to intangibles. Counsel for the Director assert that the sole issue of law and fact is whether the income in question is "income from intangibles." Counsel for Marston say there are two issues: (a) Is this "income consisting of royalties;" (b) If so, is the statute constitutional? Plaintiff's statement of the issue and defendant's (a) differ only in the words which clothe the thought. We find it unnecessary to consider (b).

It is conceded that if this income is, as we conclude, from tangible, not intangible, property, it is not from "royalties," as that word is used in the statute. This is clearly the interpretation of the treasury regulation supra, on which the Director stands, and is the holding of this court. *Denver v. Research Bureau,* 101 Colo. 140, 71 P. (2d) 809.

It is also conceded that under the law of Texas Marston's income, as provided by and received under his contract, is an estate in land. Plaintiff says this law is not controlling here. In any event, it is persuasive. However, no authority on the subject is requisite. Marston owns the land and everything on and in it, including the oil. He permits another to extract and appropriate seven-eights of this oil, provided the remaining one-eighth is delivered to him. Stated another way, Marston hires a man to extract his oil and deliver one-eighth of it to him, retaining seven-eighths as his compensation. We are not here concerned with the source and classifi-

cation of the operator's income, but Marston's certainly is no child of the contract. It is born of and is a part of the land itself, as surely and logically as would be crops or timber under a similar contract. It always was and still is Marston's property. He parted with something, but acquired nothing, by the contract. Hence, the source of his income is tangible, not intangible. *State v. Snyder,* 29 Wyo. 163, 187, 212 Pac. 758; *Transcontinental Oil Co. v. Emmerson,* 298 Ill. 394, 131 N.E. 645; *Shaw v. Bond,* 64 Colo. 366, 171 Pac. 1142.

Once this point is settled, it is clear, in the light of the admissions above referred to, that if the income here taxed is a royalty of any kind, it is neither the royalty referred to in the statute nor that mentioned in the treasury regulation, and is not subject to the surtax.

The judgment is affirmed.

MR. JUSTICE GOUDY not participating.