John H. Pennock, J.
The plaintiff, Kenneth J. MoCampbell, moves for an order pursuant to CPLR 6301 restraining the defendants, Louis Di Nuzzo and Edith Di Nuzzo as follows:
(1) From applying to the Secretary of the Treasury or his delegate or the District Director of Internal Revenue or the Internal Revenue Service for a deed to premises referred to in the annexed affidavits as No. 355 Central Avenue, Albany, New York, and
(2) From transferring to any person or persons or party, other than the plaintiff, a certain certificate of sale of seized property received by them on or about the 4th day of August, 1964, and recorded in the Albany County Clerk’s office on August 5,1964, in Book No. 1801 of Deeds at page 249, and
*438 (3) Why the defendant, the United States of America, should not be restrained from delivering to said Louis Di Nuzzo and Edith Di Nuzzo a deed to the premises referred to in the annexed affidavit as No. 355 Central Avenue, Albany, New York.
This court on July 26, 1965, granted an order restraining the defendants, and that one of the defendants, “ United States of America”, is restrained from delivering to the defendants, Louis Di Nuzzo and Edith Di Nuzzo, a deed to premises referred to in the annexed affidavits as No. 355 Central Avenue, Albany, New York.
The plaintiff commenced an action by service of a summons and complaint on July 27,1965 simultaneously with an order to show cause which contained the afore-mentioned stay provisions. The plaintiff’s complaint prays for:
1. Permanently enjoining and restraining the defendant, United States of America, from delivering to defendants, Louis Di Nuzzo and Edith Di Nuzzo, in accordance with title 26 of the United States Code, a deed to the real property known and designated as No. 355 Central Avenue, Albany, New York.
2. Permanently enjoining and restraining the defendants, Louis Di Nuzzo and Edith Di Nuzzo, from applying to and receiving from the defendant, United States of America, a deed to said premises known and designated as No. 355 Central Avenue, Albany, New York.
3. Directing the defendants, Louis Di Nuzzo and Edith Di Nuzzo, to deliver to the plaintiff herein the said certificate of sale of seized property known and designated as No. 355 Central Avenue, Albany, New York, in accordance with the terms and provisions of section 6337 of title 26 of the United States Code.
4. Restraining the defendants, Louis Di Nuzzo and Edith Di Nuzzo, from transferring said certificate of sale of seized property to any other person or persons other than the plaintiff herein.
The defendants’ answer generally denies some of the general allegations of the complaint and urges a defense of: “ That this court lacks jurisdiction of the subject matter of plaintiff’s complaint ”.
The defendants also made a counterclaim for reasonable rental due them as owners of the premises by virtue of a certificate of sale issued by the District Director of Internal Revenue on August 4,1964 under authority of the Internal Revenue Code.
Preceding the return date at Special Term, a show cause order with a stay was obtained by John J, Grlavin, the holder of a *439 mortgage, unrecorded at the time of tax sale. At the time the stay order of this court was issued there was no action in foreclosure pending, and there is nothing in the record before the court evidencing any action having been commenced. CPLR 6301 prohibits a preliminary injunction or restraining order where no action has been commenced. Therefore, the court at this juncture pauses to dispose of this part of the motion by severing this part of the motion from the primary motion and dismisses the motion and vacates nunc pro tunc the restraining order of this court entitled “ John J. Glavin, Plaintiff v. Albany Capitol Glass Co., Inc., and others, Defendants ”, dated August 19, 1965, and a separate order should be submitted by the defendants as to this severance and vacation.
Now as to the primary motion and the threshold question to resolve is whether or not the New York State Supreme Court has jurisdiction to resolve a controversy which arises from the procedural aspect of a Federal statute which ultimately affects property rights of citizens of this State.
The primary action was brought to require the defendants, Louis Di Nuzzo and Edith Di Nuzzo to deliver to the plaintiff a certain certificate of sale of seized property for nonpayment of Federal taxes. The plaintiff alleges to be an interested party in the real property via an agreement entered into prior to the sale of the premises for taxes. He agreed to purchase the premises and subsequent to the sale has received a deed to the premises. He claims now to be the owner of the premises by virtue of the agreement and deed. On August 4,1964, the United States of America held a public sale of the premises for nonpayment of Federal taxes by plaintiff’s predecessor in title, the Albany Capitol Glass Co., Inc., and the defendants, Louis Di Nuzzo and Edith Di Nuzzo, were the bidders selected by the Government and were issued a tax certificate. All of these events transpired and were consummated under sections 6335 to 6344 of the Internal Revenue Code (U. S. Code, tit. 26). The plaintiff thereafter on July 19,1965, within the statutory period of one year, made tender of the sum paid by defendants Di Nuzzo plus the statutory interest of 20% per annum and it was refused. The plaintiff then made the same tender to the District Director of Internal Revenue who likewise refused the tender. These acts were done in an attempt, by the plaintiff, of redemption.
The defendant United States of America has not appeared nor has it denied that this court has jurisdiction.
The tax certificate property is located in the State of New York and pursuant to a Federal statute was sold to satisfy a *440 Federal tax lien (Internal Revenue Code, § 6335; U. S. Code, tit. 26), and the purchaser at the .sale has refused tender for redemption. This court can find no reason why it lacks jurisdiction, as the matter relates to ownership and real property rights of its citizens.
It is true that a Federal statute which mandates an act supersedes a State statute prescribing procedures to be followed by State or local statutes. (Hoye v. United States, 277 F. 2d 116 [C. A. 9th, 1960].) Also liens for Federal taxes and provisions for their collection are strictly Federal and strictly statutory. (Bank of Nevada v. United States, 251 F. 2d 820 [C. A. 9th, 1958], cert. den. 356 U. S. 938.) Further that State exemptions statutes such as subdivision 2 of section 166 of the New York State Insurance Law and section 33 of the Workmen’s Compensation Law are ineffective against Federal statutory liens for Federal taxes; and States may not interfere with power of Congress to levy and then to collect Federal taxes on income. (Fried v. New York Life Ins. Co., 241 F. 2d 504 [C. A. 2d, 1957], cert. den. 354 U. S. 922.) These are all matters that involve the actual collection of taxes. In the instant case it is not the collection of taxes that is being enforced, but rather a proceeding to determine the interest, if any, of the plaintiff in the subject real estate. The disposition of the title to property and right to property are exclusively a matter of State law. (Matter of City of New York [U. S. A.— Coblentz], 5 N Y 2d 300.) There is nothing in the procedural principles of this State court which conflicts with any Federal statute and a procedural principle of this importance should be workable in practice to avoid any mischievous consequences to litigants.
The authorities seem to agree with this as it is stated in Cooley on Taxation (vol. 2 [3d ed.], pp. 1023-1024): “ It is for the welfare of every community that the law should favor the citizen in all reasonable measures for the preservation of his estate against losses which might result from his misfortunes or his faults. * * *
“ The statutes which give the right [of redemption] are to be regarded favorably and construed with liberality. * * * To divest ownership, without personal notice and without direct compensation, is the instance in which a constitutional government approaches most nearly to an unrestrained tyranny. Whatever tends to modify this right is favorable to the citizen, and ought to be liberally construed, on the principle that remedial statutes are to be beneficially expounded.”
The pertinent section 6337 of the Internal Revenue Code reads as follows:
*441 “ (b) Redemption of real estate after sale.—
“ (1) Period — The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 1 year after the sale thereof.
“ (2) Price. — Such property or tract of property shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary or his delegate, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.”
The United States of America is not a necessary party to the present proceedings, as the record indicates that the purchasers were residents of the county and a proper tender was made to them and refused. It was not necessary then, to make tender to the Director of Internal Revenue. When the tender was refused the plaintiff had only one recourse, that is, to compel the purchaser defendants to accept tender. It would have been more orderly for the plaintiff to pay the money to the court. (CPLR 2601, subd. [b].) However, this is not fatal, at least not at this point. The plaintiff should make the payment into court pursuant to CPLR 2601. In New York State, the dilemma of the debtor who knows that he owes a sum of money to someone but cannot ascertain to which of the two or more it should be paid has been met by the CPLR. If and when a redemption is to be effected by court action the complaint filed by the proposed redeemer becomes a written tender, and coupled with the money, constitutes the redemption itself. The plaintiff’s complaint, paragraph Tenth, alleges a clear-cut tender that would seem to satisfy the provisions of the Internal Revenue Code.
Further the plaintiff appears to be a person having an interest in the property. At least the record before the court raises such presumption. This court is not passing on any of the issues except as are necessary to constitute a sufficient cause to grant the motion for a continuance of the temporary injunction.
Basically the complaint and answer boil the issue down to two points. First is the plaintiff a party with an interest in this real estate ? This is denied by defendants. Second, has a tender been made? This allegation of the complaint has not been denied, but still remains a question, as this court ¡was not requested to pass on its sufficiency by partial summary judgment or otherwise.
*442 For reasons given in this opinion, this court concludes that it has jurisdiction to determine the rights of the plaintiff in respect to the right of redemption in accordance with State law.
The motion of the plaintiff, McCampbell, is granted in all respects as set forth in the recital of the prayer for relief in this decision indicated as paragraphs Nos. 1, 2 and 3.