(637 P.2d 483)
No. 52,812

In the Matter of the Estate of Donald H. Sellens, Deceased.

DONITA M. SEIRER and ROBERT W. SELLENS, *Appellants,* v. THE HOME STATE BANK, RUSSELL, KANSAS, Executor of the Estate of Donald H. Sellens, DOROTHY M. SELLENS, and BILLIE JO BREIT, *Appellees.*

Opinion filed December 10, 1981.

*Marvin E. Thompson,* of Thompson & Arthur, of Russell, for appellants.

*Michael S. Holland,* of Russell, for appellees.

Before JUSTICE HERD, presiding, SWINEHART, J. and LEWIS L. MCLAUGHLIN, District Judge Retired, assigned.

HERD, J.: This is an action to construe a will. Donald H. Sellens, the testator herein, died June 8, 1978. He was survived by his wife, Dorothy M. Sellens, and three adult children, Donita M. Seirer, Robert W. Sellens and Billie Jo Breit. The testator bequeathed all his personal property to his wife, Dorothy. He also devised to her certain real estate in fee and a life estate in one-half the residue of his estate with the other half of the residue and a remainder after the life estate to his three children. A part of the residuary estate consisted of four separate tracts of oil and gas minerals in place producing under oil and gas leases. This is the subject of the controversy. The appellees, Home State Bank, executor of the estate of Donald H. Sellens, Dorothy M. Sellens and Billie Jo Breit, argue the right to receive the unaccrued royalty from the fractional mineral interest is personal property and therefore the sole property of Dorothy M. Sellens under the will. The appellants, Donita M. Seirer and Robert W. Sellens, maintain the unaccrued royalties are real estate and therefore descend pursuant to the residuary clause of the will. The trial court ruled the right to receive the royalties is personal property. This appeal followed.

The only issue is whether the lessor's right to receive future royalty under an oil and gas lease of minerals in place is an

interest in real estate or an interest in personal property. To resolve the issue, it is necessary to examine the nature of the parties' interests under an oil and gas lease to minerals in place. The parties stipulated the subject of the lease is minerals in place which are identified as an interest in real estate. *Shaffer v. Kansas Farmers Union Royalty Co.,* 146 Kan. 84, 69 P.2d 4 (1937). Appellants argue it follows that the decedent's property interest in the minerals in place being real estate is not changed by the leasing of it and is therefore controlled by the clause of testator's will pertaining to real estate—clause six.

Appellees respond contending appellants' argument is not germane because "decedent's royalty interest and payments are predicated on the terms of each oil and gas lease, not on decedent's mineral ownership." They continue, "an oil and gas lease is a contract which establishes the terms and working relationship between lessor and lessee." They conclude the right to future royalty is therefore an interest in personal property controlled by clause three of decedent's will.

In *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750 (1907), the court had occasion to consider the nature of the property interest granted in an oil and gas lease, where production of gas was occurring. In recognizing that production of gas did not change the nature of minerals in place from real estate to personal property the court stated at page 341:

"The development of the property, however, did not change the title to the minerals in place. The lessee, having nothing but the right to enter, operate for and procure gas, obtained no right to any specific quantity of it, and until gas is actually produced and severed so that it becomes personalty the legal title to, and the possession of, the entire volume remains in the owner of the strata in which it is confined."

Later, in *Burden v. Gypsy Oil Co.,* 141 Kan. 147, 149, 40 P.2d 463 (1935), the appellants contended that after the leasing and discovery of oil, "the oil in the ground became dissevered absolutely from the land, was personal property . . . ." The court rejected the argument, stating in Syl. ¶ 4:

"Oil and gas in the ground are part of the real estate, and discovery thereof through exploration under an oil and gas lease does not effect a disseverance; until brought to the surface, there is no disseverance."

Then in *In re Estate of Randolph,* 175 Kan. 685, 691-92, 266 P.2d 315 (1954), the court held an oil and gas lease did not sever

the oil and gas from the minerals in place. "Royalty," it stated, does not apply to oil and gas in the ground. The court went on to hold future production (unaccrued royalty) from the mineral estate of the decedent was realty.

Appellees distinguish this case citing: *Waechter v. Amoco Production Co.,* 217 Kan. 489, 537 P.2d 228 (1975); *Shepard, Executrix v. John Hancock Mutual Life Ins. Co.,* 189 Kan. 125, 368 P.2d 19 (1962); *Strait v. Fuller,* 184 Kan. 120, 334 P.2d 385 (1959); *Froelich v. United Royalty Co.,* 178 Kan. 503, 290 P.2d 93 (1955); *Lathrop v. Eyestone,* 170 Kan. 419, 227 P.2d 136 (1951); *Holland v. Shaffer,* 162 Kan. 474, 178 P.2d 235 (1947); *Riffel v. Dieter,* 159 Kan. 628, 157 P.2d 831 (1945); *Kumberg v. Kumberg,* 5 Kan. App. 2d 640, 623 P.2d 510 (1981); for authority the lessor's interest in minerals in place is converted from real estate to personal property when leasing occurs because the lease provides for certain royalty as consideration. They argue the lessor's right to the future royalty originates with the lease, a personalty interest, making lessor's interest personal property. Appellees' authorities do not support their position. The common thread in appellees' cases defines royalty as the lessor's right to share in production of oil and gas *at severance.* Clearly, severed oil and gas is personalty. Appellees claim, however, the right to receive future production is also personal property. The confusion, if any, arises from the courts' failure to specifically define the lessor's interest in future production under an oil and gas lease.

Admittedly an oil and gas lease is a hybrid instrument. It has all of the characteristics of a realty interest, yet the relationship of landlord and tenant does not arise. The lessee does not obtain possession of the land. K.S.A. 77-201 *Eighth* provides: "The word 'land,' and the phrases 'real estate' and 'real property,' includes lands, tenements and hereditaments, and all rights thereto and interest therein, equitable as well as legal." In *Supply Co. v. McLeod,* 116 Kan. 477, 227 Pac. 350 (1924), the court held a lease personal property in spite of the recording statute. In *Robinson v. Smalley,* 102 Kan. 842, 171 Pac. 1155 (1918), the court held oil and gas leases are subject to the statute of frauds even though personalty. And in *Derby Oil Co. v. Bell,* 134 Kan. 489, 7 P.2d 39 (1932), the court held leases were subject to the recording statute, even though the statute pertained to realty, on the theory leases affect real estate. To further obliterate the distinction between

real estate and personal property in an oil and gas lease, Kansas statutes have now been amended to make oil and gas leases subject to ejectment (K.S.A. 60-1001), quiet title (K.S.A. 60-1002), and partition (K.S.A. 60-1003), comparable to real estate. For a good discussion of the hybrid character of an oil and gas lease see *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974).

In spite of the similarity to an interest in real estate, an oil and gas lease is defined as a license to enter and explore for oil and gas, an incorporeal hereditament, personal property. *Burden v. Gypsy Oil Co.,* 141 Kan. at 150; *Gas Co. v. Neosho County,* 75 Kan. 335. The lease is owned by the lessee; therefore the foregoing cases describe the lessee's interest.

Neither is an oil and gas lease a usual contract. It is signed by only one party, the lessor. It is a grant with conditions. One of the conditions is a reservation to the lessor of a share in the production. Therein lies the flaw in appellees' argument. The lessor's rights to royalty do not originate with the lease. The lessor reserves his rights to royalty out of the grant. His rights arise from his ownership of the real estate rather than the lease and are therefore interests in real estate until the oil and gas are captured. It follows then that future royalty (unaccrued royalty) is a part of the real estate of the lessor; it is uncaptured and of an undetermined amount or location. Present royalty (accrued royalty) on the other hand, is captured and severed from the realty; it is personal property.

3 Kuntz, Law of Oil and Gas § 38.2 (1967), makes this analysis:

"The right to receive royalty in the future is one of the separately alienable incidents of ownership of the full mineral interest, and such incident of ownership is a part of the estate which remains in the lessor upon the delivery of an oil and gas lease. Accordingly, it is generally recognized that unaccrued royalty is properly classified as real property . . . ." p. 242.

In *United States v. Noble,* 237 U.S. 74, 80, 59 L.Ed. 844, 35 S.Ct. 532 (1915), Justice Hughes stated:

"The rents and royalties were profit issuing out of the land. When they accrued, they became personal property; but rents and royalties to accrue were a part of the estate remaining in the lessor."

A similar statement is made in Mills and Willingham, Law of Oil and Gas (1926):

"Accrued royalties are ordinarily personal property or more strictly a chose in action. But unaccrued royalty is an incident of the reversion, a part of the estate

remaining in the lessor. As such it passes to the heirs and not to the personal representative." p. 179.

For annotations on oil and gas royalty interests see 131 A.L.R. 1371; 101 A.L.R. 884; 90 A.L.R. 770.

We are aware that in *Tegarden v. Beers*, 175 Kan. 610, 265 P.2d 845 (1954), the court held an interest in future oil and gas royalty is personal property. That case, however, is distinguishable. In *Tegarden* the interest was created by a postnuptial contract and not by an oil and gas lease.

We are concerned here with what Donald H. Sellens owned at his death. He owned interests in minerals in place. Those interests were interests in real estate. The rights to future royalties under the oil and gas leases from his mineral interests are real estate. Those rights are controlled by clause six of his will which disposed of real estate.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.