**In re Freddie Richard KITTLE, Eula Mae Kittle, Debtors.**

**Christopher J. REDMOND, Trustee, Plaintiff,**

v.

**KOCH OIL CO. and Farmers Home Administration, Defendants.**

Bankruptcy No. 82–10680.
Adv. No. 83–0317.

United States Bankruptcy Court,
D. Kansas.

Sept. 9, 1983.

Emily B. Metzger, Asst. U.S. Atty., Wichita, Kan., for creditor.

Christopher J. Redmond, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., trustee.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 7 proceeding the Court must determine the rights of the trustee and a creditor purchasing land at a foreclosure sale to future royalty interest from a producing, non-exempt oil and gas lease.

The trustee in this proceeding is Christopher J. Redmond of Redmond, Redmond, O'Brien & Nazar, Wichita, Kansas. The creditor, Farmers Home Administration, is represented by Emily B. Metzger, Assistant United States Attorney, District of Kansas at Wichita.

The issue presented for determination is:

At a foreclosure sale, did Farmers Home purchase a royalty interest in a producing oil and gas lease as part of the real estate sold, or was the royalty interest a personal property interest that was not sold at foreclosure and is still property of the estate.

The parties have submitted a stipulation and briefs and the Court is ready to rule.

## FINDINGS OF FACT

The parties have stipulated to the following facts:

1. The debtors filed bankruptcy under chapter 7 of the United States Bankruptcy Act on May 18, 1982.

2. The debtors owned the following non-exempt real property:

The Northwest Quarter of Section 16, Township 23 South, Range 13 West of the 6th P.M. of Stafford County, Kansas.

3. The Travelers Indemnity Company held a first mortgage on the above described real property and the Farmers Home Administration held a second mortgage.

4. Prior to filing bankruptcy, the debtors had leased the mineral interests in the above described real property to Koch Oil Company and at the time of filing bankruptcy, the debtors retained a ⅛th royalty interest. Oil and gas was in production on the real property at the time of filing bankruptcy and the debtors were receiving royalty payments.

5. The Travelers Indemnity Company obtained relief from stay and foreclosed upon the real property in Stafford County, Kansas. The Journal Entry of Judgment did not specifically mention mineral interests.

6. The Notice of Sheriff's sale did not specifically mention any mineral interests.

7. The Farmers Home Administration purchased the real property at the foreclosure sale on January 7, 1983. The certificate of purchase issued by the Sheriff of Stafford County, Kansas did not specifically mention any mineral interests.

8. Oil is still being produced by Koch Oil Company on their lease known as the "Aiken Lease # 0818." Koch Oil Company is currently paying over the debtors' ⅛th royalty interest to the trustee who is depositing said funds in an interest bearing account and keeping the funds separate and distinct from other estate funds until the

resolution of the instant controversy between the Farmers Home Administration and the trustee.

The parties have not presented the lease with Koch Oil.

## CONCLUSIONS OF LAW

The trustee argues that an oil and gas lease creates a personal property right for the lessee, and a royalty interest in proceeds from the oil and gas lease. In *In re Sellens,* 7 Kan.App.2d 48, 637 P.2d 483, review denied, 230 Kan. 818 (1982), however, the Kansas Court of Appeals held a lessor's right to unaccrued royalties under a producing oil and gas lease is an interest in real estate. The court stated:

Neither is an oil and gas lease a usual contract. It is signed by only one party, the lessor. It is a grant with conditions. One of the conditions is a reservation to the lessor of a share in the production.... The lessor's rights to royalty do not originate with the lease. The lessor reserves his rights to royalty out of the grant. His rights arise from his ownership of the real estate rather than the lease and are therefore interests in real estate until the oil and gas are captured. It follows then that future royalty (unaccrued royalty) is a part of the real estate of the lessor; it is uncaptured and of an undetermined amount or location.

7 Kan.App. at 51, 637 P.2d 483. A landowner's retained ⅛ royalty is a real property interest because it is "born of and is a part of the land itself...." B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code ¶ 13.2[1] (1980), quoting *Cruse v. Marston,* 112 Colo. 291, 148 P.2d 1004, 1006 (1944).

The trustee cites a number of cases that broadly state a lessor's royalty interest is a personal property interest. Most of these cases were correctly distinguished in *In Re Sellens* because each case was discussing the nature of the lessor's royalty interest *after* the oil and gas is severed. See *In Re Sellens,* 7 Kan.App.2d at 50, 637 P.2d 483, distinguishing: *Waechter v. Amoco Prod. Corp.,* 217 Kan. 489, 537 P.2d 228 (1975);

*Shepard v. John Hancock Mut. Life Ins. Co.,* 189 Kan. 125, 368 P.2d 19 (1962); *Strait v. Fuller,* 184 Kan. 120, 334 P.2d 385 (1959); *Froelich v. United Royalty Co.,* 178 Kan. 503, 290 P.2d 93 (1955); *Lathrop v. Eyestone,* 170 Kan. 419, 227 P.2d 136 (1951); *Holland v. Shaffer,* 162 Kan. 474, 178 P.2d 235 (1947); *Riffel v. Dieter,* 159 Kan. 628, 157 P.2d 831 (1945); *Kumberg v. Kumberg,* 5 Kan.App.2d 640, 623 P.2d 510 (1981). Other cases cited by the trustee are distinguishable on the same ground. See *Magnusson v. Colorado Oil & Gas Corp.,* 183 Kan. 568, 331 P.2d 577 (1958); *Burden v. Gypsy Oil,* 141 Kan. 147, 40 P.2d 463 (1935). As the Court in *In Re Sellens* stated:

> The common thread in [these] ... cases defines royalty as the lessor's rights to share in production of oil and gas at severance. Clearly, severed oil and gas is personalty.... The confusion, if any, arises from the court's failure to specifically define the lessor's interest in future production under an oil and gas lease.

*In Re Sellens,* 7 Kan.App.2d at 50, 637 P.2d 483. These cases all discuss production royalties *paid,* rather than a share in production *to be paid* in the future.

The case of *Tegarden v. Beers,* 175 Kan. 610, 265 P.2d 845 (1954) is distinguished (as it was in *In Re Sellens*) because the royalty interest arose out of a post-nuptial agreement, and not out of a lease. In addition, the court in *Tegarden v. Beers* stated:

> We are nowise concerned here with the covenants of an oil and gas lease but only with a contract which pertains to a division of the oil and gas on such lease *after it has been produced.*

175 Kan. at 615, 265 P.2d 845 (emphasis added).

In *Rathbun v. Williams,* 154 Kan. 601, 121 P.2d 243 (1942), the court referred to a lessor's royalty interest as a personal property interest but this reference was based on G.S. 1935 79–330 (now K.S.A. § 79–330) which deems royalty interests and oil and gas leases as personal property for state taxation purposes. Accord *Federal Land Bank of Wichita v. Board of County Commissioners of Kiowa County,* 368 U.S. 146, 82 S.Ct. 282, 7 L.Ed.2d 199 (1961). We are not here dealing with tax issues and it should also be noted that under some circumstances, royalty interests are treated as real property for state taxation purposes. See G.S. 1935 79–420 (now K.S.A. § 79–420). See also *Ingram v. Ingram,* 214 Kan. 415, 420–21, 521 P.2d 254 (1974).

Furthermore, the law in Kansas does not appear to uniformly hold that an oil and gas lease creates a personal property right for the lessee as the trustee alleges. In *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974), the Kansas Supreme Court reviewed in depth the nature of oil and gas leasehold interests. The court noted that some of its own past decisions had stated categorically in general language that oil and gas leasehold interests were personal property interests. 214 Kan. at 418–19, 521 P.2d 254. The court noted that various Kansas statutes specifically treat oil and gas leaseholds as real property interests. K.S.A. § 60–601 (treated as real property for purposes of venue); K.S.A. § 60–1001 (treated as real property for purposes of ejectment); K.S.A. § 60–2401 (treated as real property for purposes of satisfaction of judgment). Furthermore, K.S.A. § 55–210 provides:

> ... All other liens and mortgages on leaseholds for oil and gas purposes shall be enforced and foreclosed in the same manner as may be provided by law for enforcing liens and mortgages against real estate. After sale of the property there shall be no redemption....

Citing these statutes, the court in *Ingram v. Ingram* held that a mortgage of an oil and gas leasehold was a real property transaction, taken and perfected under real property law, and not controlled by the Uniform Commercial Code.

Recently, the Supreme Court has had occasion to once again review this muddied area of law. In *Utica Nat'l. Bank & Trust Co. v. Marney,* 233 Kan. 432, 661 P.2d 1246 (1983), the court held that a judgment creditor does not automatically obtain a lien on an oil and gas leasehold interest as the creditor would with other real property, under K.S.A. § 60–2202 (Supp.1982), be-

cause K.S.A. § 60–2202 does not specifically include oil and gas leaseholds as real property.

Thus, "an oil and gas lease is a hybrid property interest." *Ingram v. Ingram,* 214 Kan. at 420, 521 P.2d 254. Nevertheless, the following conclusions can be drawn from the Kansas cases. First, a *lessee's* leasehold interest in an oil and gas lease is treated as a real property interest and governed by real property laws: (a) when a creditor acquires, perfects, enforces or forecloses a *mortgage* on the *lessee's* leasehold interest (*Ingram v. Ingram;* K.S.A. § 55–210); (b) for the purposes of venue (K.S.A. § 60–1001); (c) for the purpose of *satisfaction* of judgment (K.S.A. § 60–2401). Second, a *lessee's* leasehold interest in an oil and gas lease is treated as a personal property interest and governed by personal property law when: (a) a creditor with no previous interest in the leasehold seeks to obtain a judgment lien on the judgment debtor/*lessee's* leasehold interest (*Utica Nat'l. Bank & Trust Co. v. Marney, supra*); K.S.A. § 60–2202); (b) certain taxes are involved (see K.S.A. § 79–420). Third, a *lessor's* right to share in royalties from severed oil and gas is a personal property right (*In Re Sellens*). Fourth, a *lessor's* future, unaccrued royalty interest in an oil and gas lease is a real property interest governed by the law of real property (*In Re Sellens*).

The trustee concedes in his brief that a mortgage of land includes everything constituting realty on, beneath and above the surface of the land. Because the debtor/lessor's future, unencumbered royalty interest in the oil and gas lease was a real property interest, it was part of FmHA's mortgage, was foreclosed upon and conveyed to FmHA as part of the real property. FmHA seeks only the post-redemption period royalties, alleging the trustee "has no right to future royalties payable after expiration of the applicable redemption period." (FmHA's brief at pg. 8). The Court agrees and accordingly, the trustee's complaint for turnover of royalties accruing after foreclosure sale and any applicable redemption period is denied.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.