**UNITED BANK OF DENVER NATIONAL ASSOCIATION, Plaintiff,**

v.

**Don P. FERRIS and Nadine C. Ferris, Defendants–Appellants,**

v.

**SLK TRUST, Defendant–Appellee.**

**No. 91CA0853.**

Colorado Court of Appeals, Div. II.

April 9, 1992.

Rehearing Denied May 7, 1992.

Certiorari Denied Feb. 22, 1993.

Baker & Hostetler, Fred M. Winner, Denver, for defendants-appellants.

Berliner, Boyle, Kaplan, Zisser & Walter, Martin M. Berliner, Denver, for defendant-appellee.

Opinion by Judge HUME.

Defendants Don P. and Nadine C. Ferris contend that the trial court erred in entering summary judgment for defendant SLK Trust on its cross-claim for unjust enrichment. We affirm the trial court.

The essential facts are undisputed. This action was commenced by United Bank of Denver (UBD), the remitting agent responsible for disbursing periodic payments to various owners of royalty interests in cer-

tain New Mexican mineral properties. In 1988, SLK's royalty interest in these properties was levied and sold pursuant to 26 U.S.C. § 6335 (1988) in satisfaction of delinquent federal taxes. The Ferrises purchased SLK's royalty interest at the tax sale.

Shortly following the sale, SLK gave the Ferrises and UBD written notice of its intention to redeem the royalty interest as allowed by 26 U.S.C. § 6337 (1988), which provides in pertinent part:

(a) Before Sale

Any person whose property has been levied upon shall have the right to pay the amount due, together with the expenses of the proceeding, if any, to the Secretary at any time prior to the sale thereof, and upon such payment the Secretary shall restore such property to him, and all further proceedings in connection with the levy on such property shall cease from the time of such payment.

(b) Redemption of real estate after sale

(1) Period

The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof.

(2) Price

Such property or tract of property shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

The parties agree that SLK timely and properly redeemed the interest in October of 1988 pursuant to 26 U.S.C. § 6337(b) by payment to the Internal Revenue Service.

During the redemption period, UBD paid the Ferrises a total of $6209.31 as income from production. SLK then demanded UBD pay the disbursed royalties to it, but the Ferrises insisted the amounts were properly paid to them.

UBD consequently filed a declaratory judgment and interpleader action naming SLK and the Ferrises as defendants. UBD sought a declaration that it had no liability for its payments to the Ferrises and an adjudication of the rights of SLK and the Ferrises to an additional $513.52 of undistributed production royalties attributable to the redemption period.

SLK cross-claimed against the Ferrises and counterclaimed against UBD, and the bank sought subrogation from the Ferrises. SLK filed its motion for summary judgment, the Ferrises responded by argument, and the trial court, without a hearing, entered summary judgment against the Ferrises for the royalty production income received. All remaining claims were subsequently dismissed and the interpled funds were paid to SLK by agreement of the parties.

### I.

The Ferrises first argue the judgment must be reversed since no hearing was held on SLK's motion. However, a motion for summary judgment may be determined without oral argument. C.R.C.P. 56(c). *See also* C.R.C.P. 121 § 1–15(4). We further note the record does not establish that the Ferrises requested a hearing, and thus, the court did not err in resolving the question upon the submitted written arguments. *Sandomire v. City & County of Denver*, 794 P.2d 1371 (Colo.App.1990).

### II.

The Ferrises primarily argue that the court erred in considering the disbursed royalties a property interest for purposes of the tax sale redemption. Contending that accrued royalties are personal property, the Ferrises assert 26 U.S.C. § 6337(a) applies, and thus, they maintain that SLK had no right of redemption as to the accrued royalties under 26 U.S.C. § 6337(b) which is limited to real property.

The parties do not address the question of what law applies to the question. However, we conclude that, under the circumstances before us, the choice of law is of no practical consequence, since the same result obtains under either federal or applicable state law.

### A.

Under 26 U.S.C. § 6338 (1988), a purchaser of property at a tax sale is to receive therefor a certificate of sale. Section 6338(b) states that in the case of real property not redeemed as provided by § 6337, a deed to the real property shall be executed to the purchaser upon surrender of the certificate. Title 26 U.S.C. § 6339 (1988) provides that the certificate of sale transfers to the purchaser all right, title, and interest of the owner to and in the property sold, except in the case of real property. In the latter instance, the deed to the real property "shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold...." 26 U.S.C. § 6339(b)(2) (1988).

■ Statutes authorizing redemption from a federal tax sale should be given a construction favorable to the owners, and leniency should be afforded in the redemption of property. *United States v. Lowe,* 268 F.Supp. 190 (N.D.Ga.1966), *aff'd sub nom. Lowe v. Monk,* 379 F.2d 555 (5th Cir.1967), *cert. denied,* 389 U.S. 1039, 88 S.Ct. 775, 19 L.Ed.2d 827 (1968).

■ The redemption from a tax sale held upon foreclosure of a federal tax lien creates no new rights in the land but restores the owner to title as it stood before the sale. *Samet v. United States,* 242 F.Supp. 214 (M.D.N.C.1965).

Applying these general principles to the federal statutory scheme, we conclude the trial court correctly determined that the Ferrises acquired no right, title, or interest in the property other than the alternative rights to receive the redemptive amount or a deed to the property after the expiration of the redemptive period.

In any event, the parties do not dispute that the royalty interest seized and sold was an interest in real property, and the federal tax authorities similarly dealt with the property as an interest in real estate. The royalty interest here is considered one in real property by both Colorado and New Mexico. *Page v. Fees–Krey, Inc.,* 617 P.2d 1188 (Colo.1980); *Christy v. Petrol Resources Corp.,* 102 N.M. 58, 691 P.2d 59 (N.M.Ct.App.1984). There is no suggestion the Internal Revenue Service attempted to distrain any accruing royalties, and accordingly, SLK was under no obligation to redeem seized royalty payments as provided by 26 U.S.C. § 6337(a).

### B.

There is a dispute among the authorities as to the characterization of mineral royalties as real or personal property depending on whether the royalty is accrued or unaccrued. *See* Annot., 56 A.L.R.4th 539 (1987). Accrued royalty interests in minerals that have been produced and severed from the land are frequently considered personalty. *In re Estate of Sellens,* 7 Kan. App.2d 48, 637 P.2d 483 (1981), *see also Simson v. Langholf,* 133 Colo. 208, 293 P.2d 302 (1956).

■ The present action involves the liability for disbursement of accrued royalties by a Colorado institution acting as a remitting agent of fixed sums to claimants resident within the state. The parties apparently have not made an effective choice of law under the agreement setting forth these duties and entitlements, and thus, we view Colorado as the state having the most significant relationship to the particular issue of claims for payment of the liquidated monies involved here. *See Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979).

■ We further note that the state court has jurisdiction to determine, in accordance with state law, the rights to and arising from a parcel of real estate redeemed under § 6337(b). *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93 (10th Cir.1970); *McCampbell v. DiNuzzo,* 50 Misc.2d 437, 270 N.Y.S.2d 685 (1966). Therefore, we are

free to apply Colorado law to these circumstances.

■ Under Colorado law, in general circumstances, an owner of property sold at foreclosure has the right to possess the property and the concomitant right to receive all rents, profits, and income from the property during the pendency of the redemption period. *Lane v. Morris,* 77 Colo. 343, 237 P. 154 (1925); *Baber v. Baber,* 28 Colo.App. 530, 474 P.2d 630 (1970); *see also Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986). Thus, the trial court properly concluded SLK was entitled to the accrued royalty payments disbursed during the redemptive period.

### III.

The Ferrises finally argue that the trial court's findings do not support the elements of unjust enrichment and the court's entry of summary judgment upon the cross-claim. We disagree.

■ An equitable action for money had and received is proper when recovery is sought against a defendant who claims to have received it rightfully under claim of ownership. *Mumford v. Wright,* 12 Colo. App. 214, 55 P. 744 (1898). And, such action may be maintained in the proper case directly against the payee who was erroneously paid by a third party. *In re B & L Oil Co.,* 46 B.R. 731 (D.Colo.1985).

■ The record here establishes no issue of genuine disputed fact sufficient to defeat entry of summary judgment under C.R.C.P. 56. Findings of fact and conclusions of law are, in any event, not required when ruling upon a motion under C.R.C.P. 12 or 56. C.R.C.P. 52; *Leidy's, Inc. v. H2O Engineering, Inc.,* 811 P.2d 38 (Colo.1991).

■ Equity may fashion a remedy to effect justice suitable to the circumstances of the case, and a correct judgment will not be disturbed on review no matter the legal rationale. *Cole v. Hotz,* 758 P.2d 679 (Colo. App.1987). Thus, we conclude that the tri-

al court correctly resolved the issue upon motion for summary judgment.

Judgment affirmed.

SMITH and NEY, JJ., concur.