83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MESA VERDE PARTNERSHIP, a Colorado general partnership,
Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of
Silverado Banking, Savings & Loan Association,
Defendant-Appellee.
 No. 95-1201.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 BROWN, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff Mesa Verde Partnership appeals the district court's grant of summary judgment to defendant Federal Deposit Insurance Corporation (FDIC) on plaintiff's claims of unjust enrichment, constructive trust, accounting, and for declaratory judgment. For the following reasons, we affirm.
 
 
 5
 The essential facts of this case are undisputed. In May 1983, Silverado Savings and Loan entered into a loan agreement with plaintiff's predecessors in interest, Sea View Partnership, Ocean View Partnership, and Pensacola Partnership, evidenced by a promissory note in the principal amount of $6,240,000. The promissory note was secured by a deed of trust and an assignment of rents and leases. The principal loan amount was increased to $7,873,232 by a modification agreement in July 1987.
 
 
 6
 The promissory note and deed of trust were nonrecourse as to the maker. In August 1992, when the borrowers defaulted, the FDIC initiated foreclosure proceedings on the property on which it held an interest pursuant to the deed of trust.[2] The FDIC also moved for appointment of a receiver. The state court appointed a receiver pursuant to Colorado law and the terms of the deed of trust. See Colo.Rev.Stat. 38-38-601; Colo. R. Civ. P. 66.
 
 
 7
 On October 9, 1992, the FDIC successfully bid $5,234,400 for the property at the foreclosure sale and received the certificate of purchase. The principal amount due under the note at the time of sale was $7,811,925. A deficit of $2,577,525 remained on the note, and the FDIC did not surrender or cancel the note.
 
 
 8
 On December 23, 1992, at the end of the redemption period, plaintiff redeemed the property. Thus, from October 9, 1992, the date of the foreclosure sale, to December 23, 1992, the date of redemption, the receiver collected the rents and profits from the property and distributed the after-expenses amount to FDIC in accord with the deed of trust and the state court's appointment order.
 
 
 9
 Plaintiff filed its complaint in federal district court on November 15, 1993, asserting that it was entitled to the rents and profits from the property during the redemption period. Both parties filed motions for summary judgment. The district court denied plaintiff's motion and granted summary judgment to the FDIC. This appeal followed.
 
 
 10
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing that he or she is entitled to summary judgment. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir.1993). Once the moving party meets this burden, the nonmoving party must set forth facts which establish the existence of a genuine issue for trial on all dispositive matters for which he or she carries the burden of proof. Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir.1993); cert. denied, 114 S.Ct. 1075 (1994).
 
 
 11
 On appeal, plaintiff challenges only the district court's interpretation of paragraph fifteen of the deed of trust as granting the FDIC the right to the rents and profits of the property during the redemption period. The deed of trust, paragraph fifteen, states in relevant part:
 
 
 12
 15. Right to Possession; Receiver. That, in case of default, whereby the right of foreclosure occurs hereunder, Beneficiary, or the holder of the certificate of purchase, shall at once become entitled to the possession, use and enjoyment of the Mortgaged Property, and to the rents, issues and profits thereof, from the accruing of such rights and during the pendency of foreclosure proceedings and the period of redemption, if any. Such possession, use, enjoyment, rents, issues and profits shall at once be delivered to Beneficiary or the holder of the certificate of purchase on request. On refusal, the delivery of such possession may be enforced by the party entitled thereto by any appropriate civil suit or proceedings, and such party shall be entitled to a receiver for the Mortgaged Property, and of the rents, issues and profits thereof, after any such default, including the time covered by foreclosure proceedings and the period of redemption, if any.... All rents, issues and profits, income and revenue of the Mortgaged Property shall be applied by such receiver according to the law and the orders and directions of the court.
 
 
 13
 Appellant's App. at 94-95.
 
 
 14
 In its order, the district court agreed with plaintiff's assertion that "[u]nder Colorado law, in general circumstances, an owner of property sold at foreclosure has the right to possess the property and the concomitant right to receive all rents, profits, and income from the property during the pendency of the redemption period." United Bank of Denver Nat'l Ass'n v. Ferris, 847 P.2d 146, 150 (Colo.Ct.App.1992). The court, however, carried this one step farther, holding that, although this policy is enforced in the absence of an agreement, Colorado law permits the parties to "enter into contracts extinguishing or limiting statutory provisions which confer a right or benefit on one or both parties" as long as the agreement is not contrary to an express statutory provision barring waiver or public policy. Bank of Am. Nat'l Trust & Sav. Ass'n v. Denver Hotel Ass'n Ltd. Partnership, 830 P.2d 1138, 1139 (Colo.Ct.App.1992).
 
 
 15
 Plaintiff does not assert that paragraph fifteen of the deed of trust is contrary to public policy or barred by statute. Instead, plaintiff appears to base the majority of its arguments on its belief that the language of the deed of trust is ambiguous, and the district court erred in holding otherwise. Under Colorado law, contracts are to be interpreted to facilitate the intent of the contracting parties. Martinez v. Continental Enters., 730 P.2d 308, 319 (Colo.1986). " 'To ascertain whether a provision is ambiguous, the court must examine and construe the language in harmony with the plain, popular, and generally accepted meaning of the words employed and with reference to all provisions of the document.' " Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 917 (10th Cir.1993)(quoting Wota v. Blue Cross & Blue Shield, 831 P.2d 1307, 1309 (Colo.1992)), cert. denied, 114 S.Ct. 1057 (1994).
 
 
 16
 Plaintiff's argument that paragraph fifteen of the deed of trust is amenable to "conflicting inferences" is unavailing. Plaintiff attempts to isolate words and phrases in the provision and interpret them as having meaning outside the paragraph. In so doing, plaintiff appears to argue both sides of the ambiguity question. Contrary to plaintiff's attempt to assert otherwise, "[a] dispute between the parties as to the meaning of a particular provision does not itself render the provision ambiguous." Id.
 
 
 17
 We agree with the district court that paragraph fifteen of the deed of trust, Appellant's App. at 94-95, when read in tandem with the other provisions in the document, clearly and unambiguously grants the holder of the certificate of purchase entitlement to the rents and profits during foreclosure and the redemption period. Plaintiff's attempt to attach its own favorable meaning to this provision fails.
 
 
 18
 We have considered plaintiff's additional arguments in light of the record and documents provided and conclude they are without merit. Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 When Silverado Savings and Loan failed, the FDIC, defendant in this case, was appointed receiver